## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

NICK VINCENT FLOR,

      Plaintiff,

    v.                                           Case No. 1:20-CV-00027 JAP-LF

THE UNIVERSITY OF NEW MEXICO,
a public university, THE BOARD OF
REGENTS OF THE UNIVERSITY OF
NEW MEXICO, individually and in their
official capacities, GARNETT S.
STOKES, individually and in her official
capacity, CAMILLE CAREY, individually
and in her official capacity, FRANCIE
CORDOVA, individually and in her
official capacity, ANGELA CATENA,
individually and in her official capacity,
SARA M. CLIFFE, individually
and in her official capacity, EMMA
RODRIGUEZ, individually and in her
official capacity, and KEVIN GICK,
individually and in his official capacity,

      Defendants.

### JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on Monday, February 10, 2020 at

4:00 p.m. telephonically and was attended by:

Nicholas T. Hart and Carter B. Harrison IV for Plaintiff.

Alisa Wigley-DeLara for Defendants.

### NATURE OF THE CASE

Plaintiff alleges that Defendants have violated his constitutional right to not be deprived of

due process of the law before being removed from his position as a tenured Associate Professor at

the University of New Mexico's Anderson School of Management.  Specifically, Plaintiff alleges

1

that Defendants deprived him of his rights to a hearing, to present a defense, and to cross-examine witnesses during the investigatory and sanctioning process carried out by the University of New Mexico and its Office of Equal Opportunity based upon a complaint alleging sexual harassment brought by a thirty-five year old woman who was neither Plaintiff's student, advisee, or employee because of a brief period of consensually exchanging sexually explicit e-mails.  Plaintiff also brings claims that the University's actions violate Title IX, 20 U.S.C. §§ 1681 *et seq.*, infringe Plaintiff's First Amendment right to free speech, and violate contract law and the common law based upon his contract for employment and tenured status.

Defendants deny Plaintiff's allegations and maintain that Plaintiff was provided with appropriate process.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file a First Amended Complaint by Friday, February 21, 2020.

Plaintiff(s) should be allowed until April 30, 2020 to move for any further amendments to the pleadings and until April30, 2020 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants intend to file:  None anticipated at this time.

Defendants should be allowed until May 31, 2020 to move to amend the pleadings and until May 31, 2020 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts:

The parties further stipulate and agree that the law governing this case is: 42 U.S.C. § 1983, Title IX, 20 U.S.C. §§ 1681 *et seq.*, contract law, and the common law.

### PLAINTIFF'S CONTENTIONS:

Plaintiff contends that Defendants violated his constitutional rights when the University of New Mexico suspended him for one year without pay, and prohibited him from working for any employer other than the University for more than 39 days during that year, for engaging in a brief series of e-mail communications with a thirty-five year old University graduate student that was neither his student, his advisee, nor his employee.  Plaintiff contends that his constitutional rights were violated because, as a tenured professor at the University's Anderson School of Management, Due Process required that the University give him a hearing before sanctioning him for an alleged policy violation, that Plaintiff be able to present a defense during that hearing, and that Plaintiff have the ability to present and cross-examine witnesses at that hearing.

Moreover, Plaintiff contends that the University's actions violated Title IX in two ways. First, Plaintiff contends that the University violated Title IX by engaging in selective enforcement. Second, Plaintiff contends that the University violated Title IX because the investigation and disciplinary proceeding into Plaintiff resulted in an erroneous outcome because of a gender bias.

Plaintiff also contends that the University infringed his First Amendment rights to free speech by investigating him and seeking to discipline him because he made truthful statements to the press and because of press coverage related to this action.  This claim arises from the University accepting jurisdiction and investigation a retaliation complaint filed against Plaintiff because of those press statements. Specifically, Plaintiff contends that he engaged in protected conduct when he discussed his case with the press, that accepting jurisdiction over Jane Doe's complaint and investigating that complaint is an adverse action, and that the adverse action was taken, at least in

part, because of Plaintiff's press statements and the press coverage of his lawsuit against Defendants.

Finally, Plaintiff contends that the University breached his employment contract by suspending him for one year without pay, while also prohibiting him from working for any other employer for more than 39 days in a contract year, because the suspension was improper and without sufficient justification.  And Plaintiff contends that the University violated several common law duties in its action of depriving a tenured professor of his right to continued employment unless given due process under the law.

## DEFENDANTS' CONTENTIONS

Defendants deny Plaintiff's contentions.  Following allegations raised against Plaintiff by a graduate student at the Anderson School of Management, Ms. Eva Chavez, the Office of Equal Opportunity ("OEO") opened an investigation.  Through its investigation, information was collected and witnesses were interviewed. Including the Plaintiff.  Plaintiff's own Complaint against student was investigated by the OEO as well.  Based on its investigation, OEO issued a Preliminary Letter of Determination on February 8, 2019 seeking any additional information from Plaintiff to counter its preliminary decision.  After reviewing the information provided by Plaintiff, OEO issued a Final Letter of Determination on March 25, 2019, finding that Plaintiff had violated University policy by engaging in quid pro quo sexual harassment and retaliation.

Plaintiff exercised his right to appeal under established procedures.  First, on March 28, 2019, he appealed as a matter of right to the University President.  His appeal was denied on May 6, 2019 because no new evidence was presented.  Second, Plaintiff submitted a discretionary appeal to the Board of Regents on June 6, 2019.  The Board of Regents declined to exercise its discretion over the appeal and notified Plaintiff of such on September 18, 2019.

Following these established processes and based on the OEO findings, the OEO referred the matter for sanctioning.  On October 17, 2019, a sanction was entered against Plaintiff, which included a suspension for one year to begin on January 1, 2020.  Relative to the sanction, Plaintiff requested a Peer Review hearing.  This hearing is scheduled for February 21, 2020.

Plaintiff has been afforded with all processes available under UNM's policies and procedures.  The action taken against Plaintiff was in accordance with these established processes and procedures and supported by factual evidence.  Plaintiff has been afforded with due process, and the actions by Defendants were not in violation of Title IX or undertaken because of any statements made by Plaintiff to the press.  Plaintiff cannot establish constitutional violations under Section 1983, Title IX, or the First Amendment.  Plaintiff cannot establish violations of the New Mexico common law or violations of any contractual rights of Plaintiff.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)* List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony.  It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."

**Plaintiff's anticipated witnesses:**

1.  Nick Vincent Flor
    c/o Harrison & Hart, LLC
    1001 Luna Circle NW
    Albuquerque, NM 87102
    (505) 295-3261
    nick@harrisonhartlaw.com

    Plaintiff.

Plaintiff is expected to testify regarding his knowledge of the allegations included in the complaint.

2. Jane Doe
   PO Box 63
   Torreon, NM 87061
   Phone number unknown

   Jane Doe student is expected to testify regarding her interactions with Plaintiff, the complaint she filed against Plaintiff, the OEO investigation that followed that complaint, her impact statements, similar complaints that she has filed against other professors and students at UNM, the petition for a temporary restraining order which she filed and which was denied, and the complaint for retaliation she filed against Plaintiff because of the media coverage of this case.

3. The Board of Regents of the University of New Mexico
   c/o Conklin Woodcock & Ziegler
   320 Gold Ave SW
   Albuquerque, NM 87102
   (505) 244-9160

   The Board of Regents is expected to testify about its involvement in the sanctioning process for Plaintiff, its review of Plaintiff's appeal to the Board of Regents, and its failure to hold a hearing regarding Jane Doe's complaint, the failure to allow Plaintiff to present a defense, and the failure to allow Plaintiff to present and cross-examine witnesses.

4. Garnett S. Stokes
   c/o Conklin Woodcock & Ziegler
   320 Gold Ave SW
   Albuquerque, NM 87102
   (505) 244-9160

   Ms. Stokes, the President of the University of New Mexico, is expect to testify about her involvement in the sanctioning process for Plaintiff, her review of Plaintiff's appeal to her office, and her failure to hold a hearing regarding Jane Doe's complaint, her failure to allow Plaintiff to present a defense, and the failure to allow Plaintiff to present and cross-examine witnesses.

5. Camille Carey
   c/o Conklin Woodcock & Ziegler
   320 Gold Ave SW
   Albuquerque, NM 87102
   (505) 244-9160

   Ms. Carey, who is the Vice Dean of the School of Law, and the individual that made the decision to suspend Plaintiff for one year without pay, is expected to testify about her

involvement in the sanctioning process for Plaintiff, her review of OEO's findings of a policy violation and the evidence they compiled during the investigation of Jane Doe's complaint, her decision to suspend Plaintiff for one-year without pay, her failure to allow Plaintiff to present a defense, her failure to hold a hearing regarding Jane Doe's complaint, and the failure to allow Plaintiff to present and cross-examine witnesses.

6. Francie Cordova
   c/o Conklin Woodcock & Ziegler
   320 Gold Ave SW
   Albuquerque, NM 87102
   (505) 244-9160

   Ms. Cordova, who was the Director of UNM's Office of Equal Opportunity at the time it investigated Plaintiff, is expected to testify about Jane Doe's complaints against Plaintiff, Plaintiff's complaints against Jane Doe, the investigation into those complaints, the findings made regarding those complaints, the preparation and review of reports and records related to those findings including but not limited to the Preliminary Letter of Determination and Final Letter of Determination, the finding that Plaintiff violated University policy, relevant University policies, OEO's failure to hold a hearing regarding Jane Doe's complaint, OEO's failure to allow Plaintiff to present a defense, and OEO's failure to allow Plaintiff to present and cross-examine witnesses.

7. Angela Catena
   c/o Conklin Woodcock & Ziegler
   320 Gold Ave SW
   Albuquerque, NM 87102
   (505) 244-9160


   Ms. Catena, who was the Title IX Coordinator of UNM's Office of Equal Opportunity at the time it investigated Plaintiff, is expected to testify about Jane Doe's complaints against Plaintiff, Plaintiff's complaints against Jane Doe, the investigation into those complaints, the findings made regarding those complaints, the preparation and review of reports and records related to those findings including but not limited to the Preliminary Letter of Determination and Final Letter of Determination, the finding that Plaintiff violated University policy, relevant University policies, OEO's failure to hold a hearing regarding Jane Doe's complaint, OEO's failure to allow Plaintiff to present a defense, and OEO's failure to allow Plaintiff to present and cross-examine witnesses.

8. Sara M. Cliffe
   c/o Conklin Woodcock & Ziegler
   320 Gold Ave SW
   Albuquerque, NM 87102
   (505) 244-9160

   Ms. Cliffe, who was the Interim Title IX Coordinator of UNM's Office of Equal Opportunity at the time it investigated Plaintiff, is expected to testify about Jane Doe's

complaints against Plaintiff, Plaintiff's complaints against Jane Doe, the investigation into those complaints, the findings made regarding those complaints, the preparation and review of reports and records related to those findings including but not limited to the Preliminary Letter of Determination and Final Letter of Determination, the finding that Plaintiff violated University policy, relevant University policies, OEO's failure to hold a hearing regarding Jane Doe's complaint, OEO's failure to allow Plaintiff to present a defense, and OEO's failure to allow Plaintiff to present and cross-examine witnesses.

9.  Elena Joy Rubinfeld
    MSC05 3150
    1 University of New Mexico
    Albuquerque, NM 87131
    (505) 277-5251

    Ms. Rubinfeld, who is the OEO Coordinator with the University's Office of Equal Opportunity, and who is the OEO staffer investigating Jane Doe's retaliation complaint against Plaintiff containing allegations of retaliation in the form of media coverage for this case, is expected to testify about her interactions with Jane Doe, the retaliation complaint filed against Plaintiff, the investigation into that complaint, and any eventual findings related to that complaint.

10. Mary Margaret Rogers
    MCM 3074
    1 University of New Mexico
    Albuquerque, NM 87131
    (505) 277-2907

    Ms. Rogers, who is Plaintiff's department chair, is expected to testify regarding Jane Doe's conduct as related to Plaintiff, Plaintiff's disclosure of the e-mail exchanges between Plaintiff and Jane Doe, her report of those exchanges to the Office of Equal Opportunity, Jane Doe's complaint against Plaintiff, Jane Doe's complaints against other UNM faculty members, the investigations into those complaints, the results of those investigations, and the sanctioning process and eventual sanction imposed on Plaintiff.

11. Shawn Berman
    MCM 4056
    1 University of New Mexico
    Albuquerque, NM 87131
    (505) 277-1792

    Mr. Berman, who is the Dean of the Anderson School of Management, is expected to testify regarding Jane Doe's conduct as related to Plaintiff, Plaintiff's disclosure of the e-mail exchanges between Plaintiff and Jane Doe, the report of those exchanges to the Office of Equal Opportunity, Jane Doe's complaint against Plaintiff, Jane Doe's complaints against other UNM faculty members, the investigations into those complaints, the results of those investigations, and the sanctioning process and eventual sanction imposed on Plaintiff.

12. Barbara Rodriguez
    Scholes Hall
    Room 240
    MSC05 3400
    1 University of New Mexico
    Albuquerque, NM 87131
    (505) 277-2611

    Ms. Rodriguez, who is the Senior Vice Provost for Academic Affairs, is expected to testify
    regarding Jane Doe's conduct as related to Plaintiff, Plaintiff's disclosure of the e-mail
    exchanges between Plaintiff and Jane Doe, the report of those exchanges to the Office of
    Equal Opportunity, Jane Doe's complaint against Plaintiff, Jane Doe's complaints against
    other UNM faculty members, Jane Doe's complaints against UNM students, Jane Doe's
    complaints against staff members with the Provost's Office, the Provost Office's
    interactions with Jane Doe, the investigations into those complaints, the results of those
    investigations, and the sanctioning process and eventual sanction imposed on Plaintiff.

13. Reilly White
    MCM 4031
    1 University of New Mexico
    Albuquerque, NM 87131
    (505) 277-3403

    Mr. White, who is a faculty member at the Anderson School of Management, is expected
    to testify about his interactions with Jane Doe, Jane Doe's complaint against him, the
    investigation into that complaint, the result of the investigation into that complaint, and the
    OEO and UNM process for investigating such complaints.

14. Raul Gouvea
    ASM 2106
    1 University of New Mexico
    Albuquerque, NM 87131
    (505) 277-8448

    Mr. Gouvea, who is a faculty member at the Anderson School of Management, is expected
    to testify about his interactions with Jane Doe, Jane Doe's complaint against him, the
    investigation into that complaint, the result of the investigation into that complaint, and the
    OEO and UNM process for investigating such complaints.

15. Harold Chang
    Address unknown
    Phone number unknown

    Mr. Change, a student at the Anderson School of Management, is expected to testify about
    his interactions with Jane Doe, Jane Doe's complaint against him, the investigation into
    that complaint, the result of the investigation into that complaint, and the OEO and UNM
    process for investigating such complaints.

16. Any witnesses identified during discovery.
17. Any witness identified by any party.
18. Any witnesses required to address issues pertaining to Plaintiff's damages.
19. Any expert witnesses later identified by Plaintiff.
12. Any rebuttal witnesses.

**Defendants' anticipated witnesses:**

  At this time, Defendants anticipate deposing or receiving testimony from the following

witnesses:

1.  Nick Vincent Flor
  c/o Harrison & Hart, LLC
  1001 Luna Circle NW
  Albuquerque, NM 87102
  (505) 295-3261
  nick@harrisonhartlaw.com

  It is anticipated Plaintiff will testify about the allegations of his Complaint and his claimed damages.

2.  Jane Doe Student
  c/o Allegra Carpenter
  500 Tijeras Ave. NE
  Albuquerque, NM 87102
  (505) 300-5548

  It is anticipated Jane Doe Student will testify about her knowledge of the allegations of Plaintiff's Complaint.

3.  Members of the Board of Regents of the University of New Mexico
  c/o Conklin Woodcock & Ziegler
  320 Gold Ave SW
  Albuquerque, NM 87102
  (505) 244-9160

  These individuals may testify about the decision-making process regarding Plaintiff's discretionary appeal of the OEO decision, compliance with UNM policies and procedures, and any knowledge they may have regarding the allegations of Plaintiff's Complaint.

4.  President Garnett S. Stokes
  c/o Conklin Woodcock & Ziegler
  320 Gold Ave SW
  Albuquerque, NM 87102

(505) 244-9160

It is anticipated President Stokes may testify about her knowledge of the allegations of Plaintiff's Complaint, her decision to deny Plaintiff's appeal of the OEO decision, and compliance with UNM policies and procedures.

5. Camille Carey
   c/o Conklin Woodcock & Ziegler
   320 Gold Ave SW
   Albuquerque, NM 87102
   (505) 244-9160

It is anticipated that Ms. Carey will testify about her knowledge of the allegations of Plaintiff's Complaint, her role in the decision to levy a sanction against Plaintiff for his violations of University Policy and Title IX, and compliance with UNM policies and procedures.

6. Francie Cordova
   c/o Conklin Woodcock & Ziegler
   320 Gold Ave SW
   Albuquerque, NM 87102
   (505) 244-9160

It is anticipated that Ms. Cordova, will testify about her knowledge of the allegations of Plaintiff's Complaint and her role in the OEO investigation and decision.

7. Angela Catena
   c/o Conklin Woodcock & Ziegler
   320 Gold Ave SW
   Albuquerque, NM 87102
   (505) 244-9160


It is anticipated that Ms. Catena will testify about her knowledge of the allegations of Plaintiff's Complaint and her role in the OEO investigation and decision.

8. Sara M. Cliffe
   c/o Conklin Woodcock & Ziegler
   320 Gold Ave SW
   Albuquerque, NM 87102
   (505) 244-9160

It is anticipated that Ms. Cliffe will testify about her knowledge of the allegations of Plaintiff's Complaint and her role in the OEO investigation and decision.

9. Elena Joy Rubinfeld
   MSC05 3150
   1 University of New Mexico
   Albuquerque, NM 87131
   (505) 277-5251

   It is anticipated that Ms. Rubinfeld will testify about her knowledge of the allegations of
   Plaintiff's Complaint and compliance with UNM policies and procedures.

10. Ben Fitsimmons
    Will supplement with address

    It is anticipated that Mr. Fitsimmons will testify about his knowledge of the allegations of
    Plaintiff's Complaint and his role in the OEO investigation.

11. Shawn Berman, Dean of Anderson School of Management
    MCM 4056
    1 University of New Mexico
    Albuquerque, NM 87131
    (505) 277-1792

    It is anticipated that Mr. Berman will testify about his knowledge of the allegations of
    Plaintiff's Complaint and compliance with UNM policies and procedures.

12. Barbara Rodriguez, Senior Vice Provost for Academic Affairs
    Scholes Hall
    Room 240
    MSC05 3400
    1 University of New Mexico
    Albuquerque, NM 87131
    (505) 277-2611

    It is anticipated that Ms. Rodriguez will testify about her knowledge of the allegations of
    Plaintiff's Complaint and compliance with UNM policies and procedures.

13. Other witnesses who may be disclosed during discovery by any other party or identified by

    any other party, including experts.

14. Rebuttal witnesses whose testimony cannot be reasonably anticipated at this time.

15. Witnesses necessary to authenticate documents.

    Defendants reserve the right to modify or supplement this list of witnesses as additional

information becomes available in discovery.

**Plaintiff's anticipated exhibits:**

1.  All e-mails between Plaintiff and Jane Doe
2.  The complete Office of Equal Opportunity file, including investigation notes, investigation findings, the preliminary report, Plaintiffs responses, the Preliminary Letter of Determination, and the Final Letter of Determination.
3.  The sanctioning determination suspending Plaintiff for one year.
4.  All papers related to Plaintiff's appeal of the sanction to the President of the University.
5.  All papers related to Plaintiff's appeal of the sanction to the Board of Regents.
6.  All papers related to Plaintiff's appeal to the Peer Review Committee.
7.  All impact statements prepared and submitted by Jane Doe/
8.  The complete Office of Equal Opportunity file related to Jane Doe's complaint for retaliation because of media coverage of this case.
9.  Any exhibits identified in discovery for this case.
10. Any exhibits necessary for expert testimony.
11. Any exhibits identified by Defendants.
12. Any exhibits necessary for rebuttal.

**Defendants' anticipated exhibits:**

1)   All emails, text messages, and/or written communications between Plaintiff and Jane Doe Student.

2)   Portions of the investigation files of OEO involving complaints made by Plaintiff, and Jane Doe student that are not subject to privilege or confidentiality.

3)   Documents authored by or submitted by Plaintiff and/or Jane Doe, or their representatives, during Plaintiff's appeals to the President of the University, the Board of Regents, and the Peer Review Committee.

4)   All documents and communications generated during Plaintiff's appeals to the President of the University, the Board of Regents, and the Peer Review Committee.

5)   Relevant UNM policies and procedures.

6)   Any exhibit identified by Plaintiff or identified in discovery.

    Defendants reserve the right to identify additional exhibits as discovery continues.

<u>List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.</u>

**Plaintiff's anticipated experts:**

Plaintiff has not identified expert witnesses at this point but may call experts related to the following topical areas: (1) damages; (2) due process and University disciplinary procedures; (3) Title IX compliance; and (4) any expert necessary for rebuttal.

**Defendants' anticipated experts:**

A decision regarding experts has not been made at this time.

**Discovery Limits**

Discovery will be needed on the following subjects: *(Brief description of subjects on which discovery will be needed.)* All matters alleged in the Complaint and Defendants' Defenses.

Maximum of 25 interrogatories by each party to any other party. (Responses due 30 days after service).

Maximum of 50 requests for admission by each party to any other party. (Response due 30 days after service).

Maximum of 50 requests for production by each party to any other party. (Response due 30 days after service).

Maximum of 10 depositions by each Party.

For purposes of these discovery limits, Plaintiffs are deemed a single party; Defendants are also deemed a single party.

Each deposition (other than of parties and expert witnesses) limited to maximum of 4 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff(s) by **September 1, 2020,**

14

from Defendant(s) by **October 1, 2020.**

Supplementation under Rule 26(e) is due at a reasonable time and in accordance with the Federal Rules of Civil Procedure.

All discovery commenced in time to be complete **by November 31, 2020**.  Discovery on *(issue for early discovery)* to be completed by _n/a_____.

Other Items:  *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

### PRETRIAL MOTIONS

Plaintiff intends to file:  Plaintiff may file a Motion for a Preliminary Injunction, a Motion for Summary Judgment, and other pretrial motions such as motions in limine, *Daubert* motions, and other motions related to the evidence.

Defendants intend to file:  : (1) motions to dismiss; (2) motions for judgment on the pleadings and/or for summary judgment; (3) motions in limine; (4) discovery motions, if necessary; and *Daubert/Kumho Tire* motions, if necessary.

### ESTIMATED TRIAL TIME

The parties estimate trial will require 7 days.

_____This is a non-jury case.

_ X _This is a jury case.

The parties request a pretrial conference 60 days before trial.

## SETTLEMENT

The parties have yet to engage in any settlement discussions and have yet to discuss the possibility of engaging in an early mediation or settlement conference.

## EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)


APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)

*Electronic Approval 2-19-20*
Nicholas T. Hart
Carter B. Harrison IV
*Attorneys for Plaintiff*


*/s/ Alisa Wigley-DeLara*
Alisa Wigley-DeLara
*Attorney for Defendants*