IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NICK VINCENT FLOR,

    Plaintiff,

v.                                                                            Cause No. 1:20-cv-00027-JAP-LF

THE UNIVERSITY OF NEW MEXICO;
CAMILLE CAREY, individually
and in her official capacity, ANGELA CATENA,
individually and in her official capacity,
SARA M. CLIFFE, individually
and in her official capacity, and EVA CHAVEZ,

    Defendants.

**MEMORANDUM BRIEF IN SUPPORT OF DEFENDANTS UNIVERSITY OF NEW MEXICO, CAMILLE CAREY, ANGELA CATENA, AND SARA CLIFFE'S MOTION TO PARTIALLY DISMISS FIRST AMENDED COMPLAINT**

Defendants University of New Mexico ("UNM"), Camille Carey, Angela Catena, and Sara Cliff, by and through their attorneys, move this Court for an Order to Dismiss Counts I, II, III, V, and VI of Plaintiff's First Amended Complaint (Doc. 17). Plaintiff is a professor at UNM who claims that UNM[1] and three of its employees, Camille Carey, Angela Catena, and Sara M. Cliffe (collectively, "Individual Defendants")(together "UNM Defendants"), conducted an improper and

---

[1] UNM, as named by Plaintiff, must be dismissed from this lawsuit because it is not an entity that may be sued. "The regents of the university and their successors in office shall constitute a body corporate under the name and style of, the regents of the university of New Mexico, with the right, as such, of suing and being sued . . . ." See NMSA 1978, § 21-7-4 (1889). Plaintiff has not alleged any claims against the Board of Regents of the University of New Mexico. Because UNM, as named, is not subject to suit, it must be dismissed from this lawsuit as it is not a proper party. Without waiving this argument, the facts and discussion below accept, solely for the purposes of this Motion and in the interest of judicial efficiency, that the Board of Regents, rather than UNM, is a named defendant.

1

biased investigation into his misconduct involving a graduate student, which ultimately led to a one year suspension for violations of UNM Policy. With the exception of Count IV of Plaintiff's First Amended Complaint ("Complaint"), Counts I, II, III, V, and VI are properly dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as each of these claims fail to satisfy the plausibility requirements under the *Iqbal/Twombly* standard.[2]

## INTRODUCTION

In Count I of the Complaint, Plaintiff alleges claims against UNM and the Individual Defendants (in both their individual and official capacities) for purported due process violations of Article II, § 18 of the New Mexico Constitution and the 14th Amendment of the United States Constitution under 42 U.S.C. § 1983 seeking money damages. *See* Complaint, Count I. Specifically, Plaintiff alleges that the UNM Defendants "depriv[ed him] of his protected due process rights, including his liberty interest in his good name, reputation, honor and integrity, the opportunity to pursue employment, and his protected property interest in his continued employment, Defendants violated Plaintiff's right to due process in violation of Article II, Section 18 of the New Mexico Constitution and the Fourteenth Amendment to the United States Constitution." *Id.*, ¶ 191.

In Counts II and III, Plaintiff is seeking injunctive relief and declaratory relief associated with the same purported constitutional violations. *Id.*, Counts II and III. Specifically, in Count II, Plaintiff seeks "a reversal of the outcome and findings of the UNM investigation, expungement of Plaintiff's personnel file reflecting the improper findings, discipline, and sanction; production of verification of such expungement to Plaintiff, a prohibition on UNM disclosing Plaintiff's

---

[2] Count VII of the Complaint is not alleged against the UNM Defendants and is also not the subject of the present Motion.

personnel files reflecting the finding of a policy violation and discipline, and lifting of the one-year suspension so that Plaintiff may return to work at UNM." *Id.*, ¶ 199).[3] In Count III, Plaintiff seeks a determination pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that "the investigative and sanctioning[, and appeal] processes utilized by Defendants are unconstitutional, improper, and violative of Plaintiff's rights, and, as such, inadequate and invalid as a matter of law." *Id.,* ¶ 203-204.

UNM and the Individual Defendants in their official capacities are not a "person" subject to suit under 42 U.S.C. § 1983. Similarly, as to the Individual Defendants named in their individual capacities, Plaintiff has failed to allege any specific conduct of these individuals to state a plausible claim for purported due process violations. Finally, the UNM Defendants are entitled to sovereign immunity for any claims premised on purported violations of the New Mexico Constitution as there has not been a waiver of immunity for any such violations under the New Mexico Tort Claims Act. Accordingly, Count I against UNM and the Individual Defendants in their individual and official capacities is properly dismissed. Because Count I fails to state a claim under Rule 12(b)(6), Counts II and III seeking injunctive and declaratory relief associated with the purported due process violations must also be dismissed.[4]

In Counts V and VI, Plaintiff alleges claims for breach of contract and breach of the implied covenant of good faith and fair dealing against UNM. *Id.*, Counts V and VI. Because these claims are not premised a valid written contract, and notably there are no allegations stating or inferring

---

[3] On April 20, 2020, after an evidentiary hearing, Magistrate Judge Laura Fashing issued her Proposed Findings and Recommended Disposition denying Plaintiff's motion for a temporary restraining order and preliminary injunction. [Doc. 36] That decision is pending further briefing by the parties and review by this Court.
[4] Plaintiff's claim for declaratory relief premised on purported violations of Title IX as alleged in Count IV are not the subject of the present Motion.

the existence of a valid written contract, UNM has sovereign immunity against Plaintiff's contractual claims. Counts V and VI are properly dismissed under Rule 12(b)(6).

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint if it fails to "state a claim upon which relief can be granted." "In reviewing a motion to dismiss, the] court must look for plausibility in the complaint . . . . Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Corder v. Lewis Palmer Sch. Dist. No*. 38, 566 F.3d 1219, 1223-24 (10th Cir. 2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Tenth Circuit has held that a two-step process should be utilized when analyzing a motion to dismiss: first, the court must identify conclusory allegations not entitled to the assumption of truth, and, second, the court must determine whether the remaining factual allegations plausibly suggest the plaintiff is entitled to relief. *See Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009).

## PLAINTIFF'S ALLEGATIONS

Plaintiff asserts numerous allegations regarding the nature of his relationship with Defendant Chavez and his beliefs about whether the discipline he received was proportional to his actions. However, this Court is not charged with reviewing the findings, conclusions, or outcome of UNM's investigation process. Rather, the Court must determine whether Plaintiff has sufficiently alleged or can ultimately state a claim showing that his state and federal due process rights were violated or that his contractual claims are premised on a valid written contract. Only

the following allegations in the Complaint (which are accepted as true solely for the purposes of this motion) are relevant to that analysis:

- Plaintiff and Defendant Chavez, then a UNM graduate student, exchanged emails of a sexual nature in the summer of 2018. (Complaint ¶¶ 16-29)

- After the relationship soured, Plaintiff and Defendant Chavez filed separate claims against each other with UNM's Office of Equal Opportunity ("OEO"). (Complaint ¶ 37)

- The OEO conducted an investigation and issued a report which included the testimony of anonymous witnesses. (Complaint ¶¶ 40, 44, 46)

- Plaintiff received the report and was allowed to provide additional information. (Complaint ¶ 45)

- Defendant Cliffe assumed the investigator role and, based on the investigation report, drafted a preliminary determination with proposed findings. (Complaint ¶¶ 51-53)

- Plaintiff was allowed to respond to the preliminary determination with additional information, and he did so, but he believes he should also have had a hearing. (Complaint ¶¶ 55-56, 63)

- The OEO, through Defendants Cliffe (the OEO investigator) and Catena (the OEO's Title IX Coordinator) issued a final letter of determination finding that Plaintiff violated UNM policy. (Complaint ¶ 62)

- Plaintiff appealed the final letter of determination to the UNM President (who is not a named defendant) and it was denied. (Complaint ¶¶ 70)

- Plaintiff then appealed the final letter of determination to UNM's Board of Regents (not a named defendant) which declined to consider the appeal. (Complaint ¶¶ 71-72)

- UNM's Senior Vice Provost (who is not a named defendant) appointed Defendant Carey (the Vice Dean of UNM's law school) as the sanctioning party. (Complaint ¶ 103)

- After a process that included a number of different UNM employees (only three of whom are named defendants) whose opinions on the severity of the possible sanction ranged from training to termination, Plaintiff was suspended without pay for one-year, and prohibited from working for more than 39 days for any employer other than UNM. (Complaint ¶¶ 75-91, 114-115)

- Plaintiff exercised his right to appeal the sanction to UNM's Peer Review Committee and underwent a Peer Review Hearing on February 21, 2020. Plaintiff believes the process was

5

unfair because Defendant Carey is an attorney, and he was not represented by counsel at the hearing.[5] (Complaint ¶¶ 148, 151, 152)[6]

- UNM created express contracts when Plaintiff accepted an offer of employment as a faculty member and when Plaintiff was granted tenure as an Associate Professor. (Complaint ¶ 230)

- Plaintiff accepted the offers of employment and tenure in reliance on the understanding and reasonable expectation that UNM would fairly and without bias implement and enforce the provisions and policies set forth in its official publications. (Complaint ¶ 231)

- UNM's express contracts with Plaintiff included an implied covenant of good faith and fair dealing which implicitly guaranteed that any investigatory and disciplinary proceedings would be conducted with basic fairness. (Complaint ¶ 236)

## ARGUMENT

**I.  COUNT I OF THE COMPLAINT SHOULD BE DISMISSED AGAINST UNM AND THE INVIDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES BECAUSE THESE DEFENDANTS ARE NOT "PERSONS" SUBJECT TO SUIT UNDER SECTION 1983**

To establish a claim for damages under Section 1983, a plaintiff must show deprivation of a civil right by a "person" acting under color of state law. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). It is well established that "a state agency is not a 'person' within the meaning of § 1983." *Will*, 491 U.S. at 65. UNM is a state university, and as such, is a state agency of the state of New Mexico and cannot be sued under Section 1983. *See Buchwald v Univ. of N.M. Sch. Of Med.*, 159 F.3d 487, 494 (10th Cir. 1998); and *Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 575 (10th Cir. 1996) ("Our cases have consistently found state universities are arms of the state.") Likewise, claims against the Individual Defendants in their official capacities also fail as official capacity claims are treated as claims against UNM. *See Porro v.* Barnes, 624 F.3d 1322, 1328

---

[5] While not relevant to the preset Motion, Defendant Carey is not licensed to practice law in the state of New Mexico and did not defend the sanctioning process at the Peer Review Hearing as an attorney.

[6] The Peer Review Hearing was a full evidentiary hearing. Since the filing of Plaintiff's Complaint, on March 6, 2020, the Peer Review Committee upheld the sanction against Plaintiff.

(10th Cir. 2010) ("[S]uing individual defendants in their official capacities under § 1983…is essentially another way of pleading an action against the [governmental entity] they represent.") (cited authority omitted).

Plaintiff's Section 1983 claim for money damages brought against UNM and the Individual Defendants in their official capacities fail. Under no set of facts can Plaintiff state a plausible Section 1983 claim against these Defendants. Count I against UNM and the Individual Defendants in their official capacities seeking money damages should be dismissed with prejudice.

**II. THE ALLEGATIONS AGAINST THE INDIVIDUAL DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES ARE INSUFFICIENT TO STATE A PLAUSIBLE CLAIM UNDER SECTION 1983.**

While the caption of the Complaint asserts that Defendants Carey, Catena, and Cliffe are sued in their "individual capacities," Plaintiff's pleading fails to satisfy the more stringent pleading requirements of Section 1983 necessary to state individual capacity claims. "[C]onclusory allegations are not sufficient to state a constitutional violation" against an individual defendant. *Jenkins v. Wood*, 81 F.3d 988, 994-995 (10th Cir. 1996). Rather, the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 676. A complaint that "tenders 'naked assertions' devoid of 'further factual enhancement'" does not meet the standard required by Fed. R. Civ. P 8(a)(2). *Id.* (*quoting Bell*, 550 U.S. at 557).

Furthermore, because Section 1983 is a "vehicle[] for imposing personal liability on government officials, [the courts] have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225-1226 (10th Cir. 2013). "When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights. *See Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532-33

(10th Cir. 1998); *see also Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir. 2011) ("The Complaint refers to actions of 'Defendants,' but that is not sufficient to show how Secretary Williams 'might be individually liable for deprivations of [Mr. Brown's] constitutional rights.'") (citation omitted). Rather, "it is particularly important' that plaintiffs 'make clear exactly who is alleged to have done what to whom, . . . as distinguished from collective allegations.'" *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (citation omitted, alteration in original)

Although Plaintiff nominally claims that the Individual Defendants are also sued in their personal capacities, he mentions them by name in only four of the twenty-six paragraphs of Count I with the four following general and vague allegations:

- Defendant Cliffe, with the approval and supervision of Defendant Catena, conducted an investigation that was reckless and grossly negligent. (Complaint ¶ 179)

- Defendant Cliffe was the investigator, factfinder, and decision maker. (Complaint ¶ 180)

- Defendant Catena's interference with the investigation and sanctioning process deprived Plaintiff of due process. (Complaint ¶ 181)

- Defendant Carey's actions throughout the sanctioning process deprived Plaintiff of due process. (Complaint ¶ 182)

The remainder of the allegations in Count I are pled generically against "Defendants," and are undoubtedly targeted against the Individual Defendants in their official capacities. For example, he claims that Defendants "act[ed] under color of state law and in concert with one another," "created a policy, pattern, and practice[,]" and have "a custom and practice of disregarding and violating faculty members' constitutional rights." (Complaint ¶¶ 183, 186, 193).

Plaintiff failed to make any fact specific allegations of conduct that demonstrates how the individually named Defendants purportedly violated Plaintiff's due process rights. *See* Count I. His unadorned assertions that the Individual Defendants collectively wronged him are insufficient

to state a Section 1983 claim against them in their individual capacities. As here, a complaint that does not provide the Individual Defendants with fair notice as to how Plaintiff believes they personally, intentionally deprived him of a civil right or why they may be subject to personal damages because of their alleged conduct is insufficient to state a plausible claim. Plaintiff's Section 1983 claim against the Individual Defendants in their individually capacities must be dismissed under Rule 12(b)(6) with prejudice.

### III. PLAINTIFF'S CLAIM FOR VIOLATIONS OF THE NEW MEXICO CONSTITUTION AGAINST THE UNM DEFENDANTS IS BARRED BY THE DOCTRINE OF SOVEREIGN IMMUNITY.

In Count I Plaintiff relies on Article II, Section 18, of the New Mexico Constitution, which provides that "[n]o person shall be deprived of life, liberty or property without due process of law." (Complaint ¶ 147). Irrespective of the potential merits of the claim or any facts pled in support of the claim, the UNM Defendants are entitled to sovereign immunity for any claim premised on the New Mexico Constitution.

The New Mexico Tort Claims Act ("TCA") generally grants immunity from tort liability to state governmental entities and public employees acting within the scope of their employment duties. Specifically, "governmental entities and public employees shall only be liable within the limitations of the Tort Claims Act . . . ." NMSA 1978, § 41-4-2(A) (1976). The term "governmental entity" is defined to mean "the state or any local public body as defined in Subsections C and H of this Section." Pursuant to NMSA 1978, Section 41-4-3(H), "state" or "state agency" is defined to include the State of New Mexico and its "institutions." The New Mexico Constitution, Article XII, Section 11, establishes UNM as a "state educational institution," and, therefore, UNM qualifies as a "governmental entity" entitled to the immunity afforded by the TCA. As for the Individual Defendants, the term "public employee" is defined within the TCA to mean any "officer, employee or servant of a governmental entity." NMSA 1978, § 41-4-3(F). As Plaintiff alleges, each of the

Individual Defendants were employees of UNM (*see* Complaint ¶¶ 6-8); therefore, they are indisputably "public employees" entitled to the immunity afforded by the TCA.

Pursuant to NMSA 1978, § 41-4-4(A), the TCA provides that governmental entities and public employees "are granted immunity from liability for *any tort* except as waived . . . by Sections 41-4-5 through 41-4-12." *Id.* (emphasis added). To avoid dismissal, a plaintiff's cause of action "must fit within one of the exceptions to the immunity granted to governmental entities and public employees." *Begay v. State*, 1985-NMCA-117, ¶ 8, 104 N.M. 483, 723 P.2d 252, *judgment rev'd on other grounds by Smialek v. Begay*, 1986-NMSC-049, 104 N.M. 375, 721 P.2d 1306. In the absence of a specific waiver of immunity, a plaintiff's tort claim against a governmental entity and/or public employee "must be dismissed" with prejudice. *See Pemberton v. Cordova*, 1987-NMCA-020, ¶ 6, 105 N.M. 476, 734 P.2d 254.

The New Mexico Supreme Court has stated that "it is well established that 'absent a waiver of immunity under the Tort Claims Act, a person may not sue the state for damages for violation of a state constitutional right.'" *Valdez v. State*, 2002-NMSC-028, ¶ 12, 132 N.M. 667, 54 P.3d 71 (quoting *Ford v. Dep't of Pub. Safety*, 1994-NMCA-154, ¶ 26, 119 N.M. 405, 891 P.2d 546). The New Mexico Court of Appeals has likewise held: "[i]n the absence of affirmative legislation, the courts of this state have consistently declined to permit individuals to bring private lawsuits to enforce rights guaranteed by the New Mexico Constitution, based on the absence of an express waiver of immunity under the Tort Claims Act." *Barreras v. N.M. Corr. Dep't*, 2003-NMCA-027, ¶ 24, 133 N.M. 313, 62 P.3d 770; *see also Wills v. Bd. of Regents of the Univ. of N.M.*, 2015-NMCA-105, ¶ 29, 357 P.3d 453 ("Nor has Plaintiff demonstrated any legal bases upon which he was entitled to seek damages for [UNM's] alleged violation of his [state] constitutional right of access to the courts."). Here, there is no waiver under the TCA that allows Plaintiff to pursue a

claim for damages against UNM or any of the Individual Defendants for alleged violations of his state constitutional right to due process. Plaintiff has failed to state a claim, and his state constitutional claim under Count I should be dismissed with prejudice.

## IV. PLAINTIFF'S CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF FOR ALLEGED VIOLATIONS OF DUE PROCESS SHOULD BE DISMISSED

In Counts II and III of the Complaint, Plaintiff seeks injunctive and declaratory relief for the same alleged violations of his federal and state constitutional rights to due process. Specifically, in Count II, Plaintiff seeks "a reversal of the outcome and findings of the UNM investigation, expungement of Plaintiff's personnel file reflecting the improper findings, discipline, and sanction; production of verification of such expungement to Plaintiff, a prohibition on UNM disclosing Plaintiff's personnel files reflecting the finding of a policy violation and discipline, and lifting of the one-year suspension so that Plaintiff may return to work at UNM." (Complaint ¶ 199). In Count III, Plaintiff seeks a determination pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that "the investigative and sanctioning[, and appeal] processes utilized by Defendants are unconstitutional, improper, and violative of Plaintiff's rights, and, as such, inadequate and invalid as a matter of law." (Complaint ¶ 203-204).

To the extent these claims for injunctive and declaratory relief are based on the federal constitutional right to due process, the claim as brought against UNM fails because UNM is not a "person" that can be sued under Section 1983. *See McLaughlin v. Bd. of Trustees of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000) (affirming dismissal of claim for injunctive relief as brought against state college board of trustees because the board of trustees was "not a 'person' for section 1983 purposes"). Notably, in his pleading, Plaintiff presents his claim for injunctive relief against the UNM Defendants "accordingly to 42 U.S.C. § 1983" due to purported "due process violations." *See* Complaint, Count II, heading and ¶ 199.

The UNM Defendants acknowledge that a claim for prospective injunctive relief against the Individual Defendants in their official capacities is theoretically viable. *See Will*, 491 U.S. at 71, n. 10 ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official capacity actions for prospective relief are not treated as actions against the State.'"). However, to state a plausible claim for prospective injunctive relief against the Individual Defendants, Plaintiff must allege facts to demonstrate that these Defendants have the authority to provide the injunctive relief sought by Plaintiff. *See Soloviev v. Goldstein*, 104 F.Supp.3d 232, 245 (E.D.N.Y. 2015) (dismissing claim for reinstatement against state college officials because the plaintiff failed to allege that the individuals were in a position to grant the plaintiff's reinstatement); and *Klein v. Univ. of Kan. Med. Ctr.*, 975 F.Supp. 1408, 1417 (D. Kan. 1997) (dismissing claim against individual defendants in their official capacities because "[n]one of the individuals that [plaintiff] has sued has the power to provide him with the relief he seeks—reinstatement").

Here, Plaintiff has not alleged—nor could he truthfully allege—that any of the named Individual Defendants have the authority to provide the injunctive relief that he seeks; to wit, reversal of the UNM OEO findings, expungement of his personnel records, and lifting of the suspension so that he may return to work. Finally, and most importantly, injunctive relief and declaratory relief are remedies, not causes of action. *See, e.g., Leon v. Summit Cnty*. 2017 WL 5891771, at *5 (D. Utah Nov. 28, 2017) (slip op.) ("Injunctive relief is a remedy, not an independent cause of action. Injunctive relief is available as a remedy only where a party prevails on a separate legal theory. Because [plaintiff's] Section 1983 claims fail, so too does her request for injunctive relief."); *Essling's Homes Plus, Inc. v. City of St. Paul*, 356 F.Supp.2d 971, 984 (D. Minn. 2004) ("A successful action for declaratory judgment requires a viable underlying cause of

action."). For these reasons, the Court should dismiss Plaintiff's requests for injunctive and declaratory relief as pled in Counts II and III.

## V. PLAINTIFF'S CONTRACTUAL CLAIMS ARE NOT PREMISED ON A VALID WRITTEN CONTRACT AND ARE BARRED BY THE DOCTRINE OF SOVEREIGN IMMUNITY.

As noted above, UNM is a governmental entity. *See supra.*, Section III. Pursuant to NMSA 1978, § 37-1-23(A), "[g]overnmental entities are granted immunity from actions based on contract, except for actions based on *a valid written contract*." *Id.* (emphasis added). The purpose of granting a governmental entity sovereign immunity is "to protect the public treasury….To protect the taxpayer, the statute puts the risk of loss on those seeking promises from government; it requires at a minimum that they obtain a valid written contract in order to maintain a lawsuit to enforce those promises." *Univ. of N.M. Police Officer's Ass'n v. Univ. of N.M.*, 2005-NMSC-030, ¶ 21, 138 N.M. 360. Accordingly, a party is not permitted to recover on an unwritten contract, as the governmental entity is "immune from suit." *Campos de Suenos, Ltd. v. County of Bernalillo*, 2001-NMCA-043, ¶ 14, 130 N.M. 563 (quoting *Handmaker v. Henney*, 1999-NMSC-043, ¶ 14, 128 N.M. 328).

While in limited circumstances an implied-in-fact employment contract can satisfy the writing requirement of Section 37-1-23(A), this narrow exception still requires some allegation by Plaintiff setting forth a writing to support the existence of an implied-in-fact contract. *See Wills v. Bd. Of Regents of Univ. of New Mexico*, 2015-NMCA-105, ¶ 25, 357 P.3d 453, 458-59 (citing to *Garcia v. Middle Rio Grande Conservancy District*, 1996-NMSC-029, ¶ 19, 121 N.M. 728, the court noted that "*Garcia* stands for the proposition that where an employment contract may be implied from 'written terms' it may be considered a 'valid written contract' for the purposes of satisfying Section 37-1-23(A)."). However, the writing relied upon by Plaintiff to support an

implied-in-fact employment contract must be specific and promissory in nature as opposed to generalized guidelines or a statement of a general approach. *See e.g., Garcia*, 1996-NMSC-029, ¶ 13 (Supporting the existence of an implied-in-fact employment contract because "[t]he Personnel Policy [was] so specific so that employees may reasonably rely on its provisions and may expect that the [employer] will conform as well."); and *Gerald v. Locksley*, 785 F.Supp.2d 1074, 1145 (D. N.M. 2011) (rejecting argument that UNM's Handbook created contractual rights in favor of a former employee because it was not "sufficiently specific, explicit, or mandatory to create a reasonable expectation that UNM would provide a particular response."). An implied-in-fact contract can only be created by a writing that creates a "reasonable expectation" that the employer will follow specified procedures using "definite, specific, or explicit" representations made by the employer. *Hartbarger v. Frank Paxton Co.*, 1993-NMSC-029, ¶ 14, 115 N.M. 665, and *see Wills*, 2015-NMCA-105, ¶ 25 (noting that a plaintiff may not rely upon the conduct of the parties to support the existence of an implied-in-fact contract under Section 37-1-23(A), but rather, must come forward with a written terms to establish the existence of an implied-in-fact contract).

In his Complaint, Plaintiff alleges that "express contracts" were created between UNM and Plaintiff. *See* Complaint, ¶¶ 230 and 236. Notably lacking from the Complaint are any allegations that a written employment contract existed between Plaintiff and UNM. *See* Complaint. Further, there are no allegations in Plaintiff's Complaint directing this Court or the Defendants to the existence of any writing to establish the existence of an implied-in-fact contract to satisfy the writing requirement of Section 37-1-23(A). Rather, Plaintiff generally alleges that "Plaintiff accepted the offers of employment and tenure in reliance on the understanding and reasonable expectation that Defendant University would fairly and without bias implement and enforce the provisions and policies set forth in its official publications." *See* Complaint, ¶ 231. Plaintiff fails

14

to identify any specific provision or policy from UNM's "official publications" in support of his contract theories. This is not enough to satisfy Section 37-1-23(A)'s writing requirement and to state a plausible claim for breach of contract against a governmental entity. Count V of Plaintiff's Complaint must be dismissed.

Similarly, Plaintiff's claims for breach of the implied covenant of good faith and fair dealing must also be dismissed. The implied covenant of good faith and fair dealing is an implied contractual term premised upon the existence of an underlying contractual agreement. *See Bourgeous v. Horizon Healthcare Corp.*, 1994-NMSC-038, ¶ 16, 117 N.M. 434, and UJI 13-832 NMRA ("To prove that [defendant] breached the promise of good faith and fair dealing, [plaintiff] must prove that [defending] acted in bad faith in performing the *contract* or wrongfully and intentionally used the *contract* to harm [plaintiff].") (emphasis added). Because there are no allegations by Plaintiff to support the existence of a valid written contract to satisfy the writing requirement of Section 37-1-23(A), Plaintiff cannot proceed on a claim for breach of the implied covenant of good faith and fair dealing that is similarly not supported by a written agreement. *Id.,* and *cf. Sanders v. FedEx Ground Package Sys., Inc.* 2008-NMSC-040, ¶¶ 7-9, 188 P.3d 1200, 1203 (If there is no contract, there is no cause of action for breach of the implied covenant of good faith and fair dealing); and *Azar v. Prudential Ins. Co.*, 2003-NMCA-062, ¶ 53, 68 P.3d 909 (same).

Moreover, because the implied covenant of good faith and fair dealing is by its terms an unwritten contract imposed under law, even if Plaintiff was able to salvage his breach of contract claim, Count VI should still be dismissed under the doctrine of sovereign immunity. In *Eaton, Martinez & Hart, P.C. v Univ. of New Mexico Hospital*, 1997-NMSC-015, ¶ 12, 123 N.M. 76, the court held that governmental entities are immune from implied-in-law contract claims such as

"quantum meruit, implied-in-law contract or unjust enrichment" under the Section 37-1-23(A) sovereign immunity provision.

There are no allegations in Plaintiff's Complaint to satisfy the writing requirement of Section 37-1-23(A), and accordingly, Plaintiff's claims for breach of contract and breach of the implied covenant of good faith of fair dealing are barred by the sovereign immunity doctrine. Counts V and VI should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the UNM Defendants respectfully request an Order dismissing Counts I, II, III, V, and VI of Plaintiff's Complaint with prejudice for the reasons discussed herein, and for such other and further relief the Court deems just.

Respectfully Submitted,

CONKLIN, WOODCOCK & ZIEGLER, P.C.

By: */s/ Alisa Wigley-DeLara*
    Alisa Wigley-DeLara
    Carol Dominguez Shay
    320 Gold Ave., Suite 800
    Albuquerque NM 87102
    Telephone: (505) 224-9160
    *Attorneys for Defendants University of New Mexico, Camille Carey, Angela Catena, Sara Cliffe*

### Certificate of Service

I HEREBY CERTIFY that on May 11, 2020 , a true and correct copy of the above and foregoing was electronically filed with the clerk of the court by using the CM/ECF system which caused all counsel of record to be served by electronic means.

*/s/ Alisa Wigley-DeLara*
Alisa Wigley-DeLara
Carol Dominguez Shay