IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NICK VINCENT FLOR,

    Plaintiff,

v.                                                                                        Cause No. 1:20-cv-00027-JAP-LF

THE UNIVERSITY OF NEW MEXICO;
CAMILLE CAREY, individually
and in her official capacity, ANGELA CATENA,
individually and in her official capacity,
SARA M. CLIFFE, individually
and in her official capacity, and EVA CHAVEZ,

    Defendants.

### REPLY BRIEF IN SUPPORT OF DEFENDANTS UNIVERSITY OF NEW MEXICO, CAMILLE CAREY, ANGELA CATENA, AND SARA CLIFFE'S MOTION TO PARTIALLY DISMISS FIRST AMENDED COMPLAINT

The Response in Opposition to Defendants' Motion to Dismiss ("Response") confirms that Plaintiff cannot satisfy the *Iqbal/Twombly* plausibility requirements necessary to avoid dismissal of his 42 U.S.C. § 1983 ("Section 1983") and contractual claims.[1]  Under the *Iqbal/Twombly* standard, a complaint must include "'enough ***facts*** to state a claim for relief that is plausible on its face.'" *Corder v. Lewis Palmer Sch. Dist. No*. 38, 566 F.3d 1219, 1223-24 (10th Cir. 2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), emphasis added).  And those facts must allow "the court to draw the ***reasonable inference*** that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(emphasis added).  The facts alleged by Plaintiff do not state plausible claims nor support a reasonable inference that Defendants

---

[1] Neither Counts IV nor VII are addressed in this Motion.

1

University of New Mexico ("UNM")[2], Camille Carey, Angela Catena, and Sara Cliff (together, "Individual Defendants")(collectively, "UNM Defendants") are liable to him under the legal theories at issue in the Motion to Dismiss. Accordingly, as a matter of law, the Court should dismiss Counts I-III for damages, injunctive relief, and declaratory judgment under Section 1983, and his contractual claims in Counts V-VI.

### I. COUNTS I – III SHOULD BE DISMISSED BECAUSE THE ALLEGATIONS ARE INSUFFICIENT TO STATE A CLAIM UNDER SECTION 1983

"'To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law.'" (Response, p. 8, citing *West v. Atkins*, 487 U.S. 42, 48 (1988)) The allegations in Plaintiff's Complaint are insufficient to establish either of these two elements of a Section 1983 claim.[3]

Due process requires an opportunity to be heard at a meaningful time and in a meaningful manner. *See* Memorandum Opinion and Order, June 20, 2020 ("Order"), Doc. 55 at 5 (citing, *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985); *Riggins v. Goodman*, 572 F.3d 1101, 1108 (10th Cir. 2009); *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).[4] On the face of his Complaint, Plaintiff avers that he received an opportunity to be heard at a meaningful time and in

---

[2] Plaintiff concedes that the Board of Regents of the University of New Mexico, not UNM, is the proper party to be sued and seeks leave to amend his Complaint to correct the error. While the UNM Defendants do not oppose that substitution, they do not consent to Plaintiff's request that he be permitted leave to join or name any other individuals as parties to his already amended Complaint. (Response, p. 7, n. 2) His deadline to amend or join additional parties expired on March 30, 2020. (Doc. 13 at 2).

[3] Plaintiff concedes that Count I was not intended to be brought against the Individual Defendants in their official capacities, Counts I and II should be dismissed as to Defendant UNM, and he cannot maintain a claim through § 1983, or the New Mexico Tort Claims Act, against Defendants for damages alleging violations of the New Mexico Constitution. (Response, p. 12 n. 4)

[4] The UNM Defendants refer to the Court's comprehensive analysis of the legal requirements of a due process claim for the sake of efficiency, but acknowledge that "the findings of fact and conclusions of law made by a court granting [or, in this case, denying] a preliminary injunction are not binding at trial on the merits." *University of Texas v. Camenisch*, 451 U.S. 390, 395. Accordingly, the UNM Defendants do not ask the Court to incorporate the findings of fact or its application of the law to those facts made in its June 20th Order denying Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction.

a meaningful manner before and after he was sanctioned for violating the University's policies. He admits:

- UNM conducted an investigation into both his and Defendant Chavez's cross-complaints. (Complaint ¶ 40)

- An independent investigator prepared an investigation report to which he was allowed to respond. (Complaint ¶ 45)

- The OEO investigator (Defendant Cliffe) prepared a preliminary letter of determination which included a notice of findings detailing the policies Plaintiff violated, and he was given five days to respond to the letter with new evidence. (Complaint ¶¶ 52-55)

- The University (Defendants Cliffe and Catena, and the Office of Equal Opportunity) issued a final letter of determination which determined that Plaintiff had violated its policies. (Complaint ¶ 62)

- Plaintiff appealed the final letter of determination to the UNM President (who is not a named party) and it was denied. (Complaint ¶¶ 70-71)

- Plaintiff appealed the final letter of determination to UNM's Board of Regents which declined to consider the appeal. (Complaint ¶¶ 72-73)

- After a one-year suspension was imposed, Plaintiff appealed the sanction to a faculty peer review board where he received a hearing during which he was allowed to present evidence to challenge the severity of the sanction. (Response, p. 6) The peer review board upheld Plaintiff's sanction. Doc. 36 at 11.

To detract from these dispositive allegations, Plaintiff offers conclusory statements against the Individual Defendants that, even if true, are insufficient to state a plausible claim under Section 1983.[5] He claims that Defendant Cliffe did not allow him to confront and cross-examine his accuser. (Response, p. 9) However, the right to cross-examine witnesses or probe an accuser's credibility has not been widely recognized as a requirement of pre-deprivation due process, nor has it been adopted by this Court. (Order at 8-14)[6] He also claims that all three Individual

---

[5] Plaintiff also claims that UNM's policies were flawed and that it did not correctly train its employees. These allegations do not implicate Plaintiff's due process rights and he has not brought any claims relevant to those allegations.
[6] Plaintiff relies heavily on *Lee v. Univ. of New Mexico*, 2020 WL 1515381 (D.N.M. Mar. 30, 2020) to support his Section 1983 claim, but this Court has "decline[d] to extend the reasoning of *Lee* to this case." (Order at 9, n. 4)

Defendants denied him a pre-deprivation hearing. (Response, p. 11) A formal, full evidentiary pre-deprivation hearing is not a due process guarantee, and, as here, informal proceedings or conversations in which an employee has an opportunity to rebut charges against him are sufficient to meet the due process hearing requirement. *Id.* at pp. 6-8 (discussing *Loudermill*, 470 U.S. at 545–46; *Riggins*, 572 F.3d at 1108; *Powell v. Mikulecky*, 891 F.2d 1454, 1459 (10th Cir. 1989); *Arnett v. Kennedy*, 416 U.S. 134 (1974), *In re C.W. Mining Co.*, 625 F.3d 1240, 1245 (10th Cir. 2010); *West v. Grand Cty.*, 967 F.2d 362, 367 (10th Cir. 1992)). He also alleges that in the course of her investigation, Defendant Cliffe did not interview his suggested witnesses or consider evidence he believed was relevant, Defendant Catena disagreed with the proposed sanction and incorrectly concluded that a non-defendant had a conflict of interest, and Defendant Carey's sanction against him was too harsh. (Response, pp. 9-11) These allegations offer nothing more than Plaintiff's opinion that the Individual Defendants' decisions were incorrect, but do not rise to a plausible claim that that they deprived him of his constitutional rights.[7]

As a matter of law, Plaintiff was afforded all the due process to which he was entitled and on that basis alone, his Section 1983 claims for damages, injunctive relief, and declaratory judgment (Counts I-III) should be dismissed.

**II.   COUNT II FOR INJUNCTIVE RELIEF AND COUNT III FOR DECLARATORY JUDGMENT SHOULD BE DISMISSED BECAUSE PLAINTIFF CANNOT STATE A SECTION 1983 CLAIM AND HIS ALLEGATIONS DO NOT OTHERWISE SUPPORT THOSE REQUESTS FOR RELIEF**

---

[7]To the extent Plaintiff claims he was denied post-deprivation due process, such arguments would also fall flat. Plaintiff was afforded a complete hearing by a peer review board that reviewed and upheld the sanction. In addition, the Court must view the constitutionality of post-deprivation process in light of the pre-termination procedures it follows. Order, pp. 14-15 (citing *Copelin-Brown v. New Mexico State Pers. Office*, 399 F.3d 1248, 1255 (10th Cir. 2005); *Benavidez v. City of Albuquerque*, 101 F.3d 620, 626 (10th Cir. 1996); *Loudermill*, 470 U.S. at 543; *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). "[A] one year suspension without pay—a lesser sanction than termination—likely requires less stringent procedural protections than termination." *Id*. at 15.

Injunctive relief and declaratory relief are remedies, not causes of action. *See, e.g., Leon v. Summit Cnty*. 2017 WL 5891771, at *5 (D. Utah Nov. 28, 2017) (slip op.) ("Injunctive relief is a remedy, not an independent cause of action. Injunctive relief is available as a remedy only where a party prevails on a separate legal theory. Because [plaintiff's] Section 1983 claims fail, so too does her request for injunctive relief."); *Essling's Homes Plus, Inc. v. City of St. Paul*, 356 F.Supp.2d 971, 984 (D. Minn. 2004) ("A successful action for declaratory judgment requires a viable underlying cause of action."). Given Plaintiff's inability to sustain a Section 1983 claim, his requests for injunctive relief or declaratory judgment must fail.

Moreover, Plaintiff's allegations cannot state a plausible claim for either count. In Count II, Plaintiff demands that pursuant to Section 1983 and in their official capacities, the Individual Defendants be forced to reverse the investigation, expunge and refrain from disclosing his personnel file, and lift the one-year suspension that was imposed for his misconduct. (Response, p. 13) To state a claim for injunctive relief of this sort, Plaintiff must allege facts sufficient to show that the Individual Defendants have the authority to take the actions Plaintiff requests. *See Soloviev v. Goldstein*, 104 F.Supp.3d 232, 245 (E.D.N.Y. 2015). He has not done so.

Plaintiff spends over one-hundred paragraphs of his Complaint criticizing the layers of process and the number of individuals involved in the investigation and ultimate decision to suspend him for one year. His cursory statement that it is reasonable to conclude that the Individual Defendants can satisfy his demands does not state a plausible claim. For Plaintiff to obtain the relief he seeks, the Individual Defendants would require the authority to supplant the conclusions of the independent investigator's report, change the University's policies regarding pre-deprivation hearings, require the Senior Vice Provost to appoint a another individual to sanction him, override the University President's denial of his appeal, require the Board of Regents' to consider his case, and reverse the peer review board's determination that the sanction was appropriate.

Plaintiff's request for declaratory judgment in Count III is similarly unreasonable. As explained above, Plaintiff cannot state a Section 1983 claim against the Individual Defendants. Moreover, as the policies and procedures followed by the Individual Defendants did not result in a violation of his due process rights, his request for declaratory judgment as to those same policies and procedures is moot.

Counts II and III of the Complaint should be dismissed as a matter of law.

## V. PLAINTIFF'S CONTRACTUAL CLAIMS ARE NOT PREMISED ON A VALID WRITTEN CONTRACT AND ARE BARRED BY THE DOCTRINE OF SOVEREIGN IMMUNITY.

To avoid dismissal of his contractual claims (Counts V and VI), Plaintiff cites to various allegations in his Complaint to make a broad pronouncement that these policies are implied contracts. (Response, pp. 17-20)  The writings he alludes to are merely generalized guidelines or a statement of a general approach, and he has not specifically stated how he relied on such policies nor how they were breached. *See Gerald v. Locksley*, 785 F.Supp.2d 1074, 1145 (D.N.M. 2011) (UNM's Handbook did not create contractual rights in favor of a former employee because it was not "sufficiently specific, explicit, or mandatory to create a reasonable expectation that UNM would provide a particular response.")  Plaintiff also spends one page citing publicly available UNM policies dealing with unrelated issues such as intellectual property or political activities. (Response, p. 19)  As Plaintiff fails to identify any specific provision or policy that would constitute a written contract, he cannot satisfy Section 37-1-23(A)'s writing requirement to state a plausible claim for breach of contract against a governmental entity.

Since Plaintiff cannot state a claim for breach of written contract, his claim for breach of the implied covenant of good faith and fair dealing must also be dismissed. *See Sanders v. FedEx Ground Package Sys., Inc.* 2008-NMSC-040, ¶¶ 7-9, 188 P.3d 1200, 1203 (If there is no contract, there is no cause of action for breach of the implied covenant of good faith and fair dealing); and

*Azar v. Prudential Ins. Co.*, 2003-NMCA-062, ¶ 53, 68 P.3d 909 (same). As further stated in the Motion to Dismiss and unrefuted by the Response, because the implied covenant of good faith and fair dealing is by its terms an unwritten contract imposed under law, it cannot be sustained against UNM on the basis of sovereign immunity. *See Eaton, Martinez & Hart, P.C. v Univ. of New Mexico Hospital*, 1997-NMSC-015, ¶ 12, 123 N.M. 76.

There are no allegations in Plaintiff's Complaint to satisfy the writing requirement of Section 37-1-23(A), and accordingly, Plaintiff's claims for breach of contract and breach of the implied covenant of good faith of fair dealing are barred by the sovereign immunity doctrine. Counts V and VI should be dismissed with prejudice.

## CONCLUSION

The UNM Defendants respectfully request an Order dismissing Counts I, II, III, V, and VI of Plaintiff's Complaint as a matter of law and with prejudice for the reasons discussed in the Motion to Dismiss, the Response, and herein, and for such other and further relief the Court deems just.

Respectfully Submitted,

CONKLIN, WOODCOCK & ZIEGLER, P.C.

By: */s/ Alisa Wigley-DeLara*
      Alisa Wigley-DeLara
      Carol Dominguez Shay
      320 Gold Ave., Suite 800
      Albuquerque NM 87102
      Telephone: (505) 224-9160
      *Attorneys for Defendants University of New Mexico,*
      *Camille Carey, Angela Catena, Sara Cliffe*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 29, 2020, a true and correct copy of the above and foregoing was electronically filed with the clerk of the court by using the CM/ECF system which caused all counsel of record to be served by electronic means.

*/s/ Alisa Wigley-DeLara*
Alisa Wigley-DeLara
Carol Dominguez Shay