IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NICK VINCENT FLOR,

        Plaintiff,

v.                                     Cause No. 1:20-cv-00027-JAP-LF

THE BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO,
STEPHEN BISHOP, LISA BROIDY,
KEVIN GICK, KARIN HIGH, ERIC LAU,
individually and in their official capacities,
and EVA CHAVEZ,

        Defendants.

## DEFENDANT BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO'S SECOND MOTION FOR PROTECTIVE ORDER TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Defendant Board of Regents of the University of New Mexico ("UNM"), by and through its attorneys Conklin, Woodcock & Ziegler, P.C., submits this Motion for Protective Order to Plaintiff's First Requests for Production.

1. On July 15, 2020 Plaintiff's served their First Set of Requests for Production to Defendant University of New Mexico.  *See* Certificate of Service (Doc. 59)[1].

2. Due to ongoing briefing, the Court granted two unopposed requests to respond to the discovery requests.  *See* Orders (Docs. 67 and 76).

3. Responses to these discovery requests is currently due October 14, 2020.

---

[1] The Certificate of Service indicates that Plaintiff served Interrogatories to Defendant.  Counsel has confirmed that only Requests for Production were served on July 15, 2020.

4. Defendants Stephen Bishop, Lisa Broidy, Kevin Gick, Karin High, and Eric Lau ("Individual Defendants") are filing a Motion for Summary Judgment raising qualified immunity[2]. The Motion includes a request to stay discovery.  As a general rule, once any defendant files a dispositive motion raising qualified immunity, a stay of discovery as to all Defendants is appropriate.  *See Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992); and *Ashcroft Iqbal*, 556 U.S. 662, 685-86 (2009).

5. Defendant seeks a Protective Order to prevent UNM from responding to these discovery requests until such time that the issues raised in the Individual Defendants Motion for Summary Judgment are decided.

6. Rule 26(c) provides that upon a showing of good cause, a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).  The decision to enter a protective order is within the court's discretion. *Thomas v. International Bus. Mach.,* 48 F.3d 478, 482 (10th Cir.1995).

7. The party seeking a protective order has the burden to demonstrate good cause. *Sentry Ins. v. Shivers,* 164 F.R.D. 255, 256 (D.Kan.1996); *Velasquez v. Frontier Med. Inc*., 229 F.R.D. 197, 200 (D.N.M. 2005).  Good cause is shown through "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).  Additionally, the moving party must show that disclosure will result in a "clearly defined and serious injury to that moving party." *Klesch & Co. Ltd. v. Liberty Media Corp.,* 217 F.R.D. 517, 524 (D.Colo.2003) (citing *Exum v. United States Olympic Committee,* 209 F.R.D. 201, 206 (D.Colo.2002)); and *Pia v. Supernova Media, Inc.*, 275 F.R.D. 559, 560 (D. Utah

---

[2] The Individual Defendants had planned to file the referenced Motion today.  Unfortunately, there was a delay in securing a signed Declaration.  The Motion will be filed tomorrow, October 15, 2020.

2011) (Good cause is established upon a showing of specific prejudice or oppression that will be caused by the discovery).

8. In evaluating whether good cause exists, "a court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result from the deposition." *Baratta v. Homeland Housewares, LLC,* 242 F.R.D. 641, 642 (S.D.Fla.2007) (citing *Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545, 1547 (11th Cir.1985)); *Exum,* 209 F.R.D. at 206 (citations omitted).

9. Because qualified immunity has been raised, the entry of a Protective Order is appropriate:

> The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery" ... There are serious and legitimate reasons for this. If a government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the government....

*Iqbal*, 556 U.S. at 685.

10. Plaintiff's counsel was contacted prior to the filing of this Motion. At the time of filing, a response had not been provided.

WHEREFORE, Defendant respectfully requests this Court to grant a Protective Order for the reasons discussed herein, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

CONKLIN, WOODCOCK & ZIEGLER, P.C.

By: */s/ Alisa Wigley-DeLara*
      Alisa Wigley-DeLara
      320 Gold Ave., Suite 800
      Albuquerque NM 87102
      Telephone: (505) 224-9160
      *Attorney for Defendant*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was e-filed and served via email upon counsel of record on this 14th day of October, 2020.

*/s/ Alisa Wigley-DeLara*
Alisa Wigley-DeLara