IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**NICK VINCENT FLOR,**

   **Plaintiff,**

v.                  Cause No. 1:20-cv-00027-JAP-LF

**THE BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO,
STEPHEN BISHOP, LISA BROIDY,
KEVIN GICK, KARIN HIGH, ERIC LAU,
individually and in their official capacities,
and EVA CHAVEZ,**

   **Defendants.**

## DECLARATION OF KARIN HIGH

Karin High, being duly sworn under oath and deposes as follows:

1. I am over the age of 18, and the information contained in this declaration is based upon my personal knowledge.

2. At all relevant times, I was a committee member of the Faculty Ethics and Advisory Committee at the University of New Mexico. At all relevant times and currently, I was a Professor of Anesthesiology at the University of New Mexico ("UNM").

3. In my capacity as a committee member of the Faculty Ethics and Advisory Committee, I was advised of Professor Flor's request for a Peer Hearing pursuant to UNM Policy C07 in the Faculty Handbook, and agreed to serve on his Peer Hearing panel.

4. Consistent with Policy C07, as a committee member of the Faculty Ethics and Advisory Committee, and as a panel member of the Peer Hearing panel for Professor Flor, the scope of review of the Peer Hearing was limited to "uphold[ing] or revers[ing] the proposal to suspend the faculty member without pay." *See* UNM Policy C07.

1

**EXHIBIT C**

5. I advised Professor Flor as part of the Peer Hearing panel that the scope of review at the Peer Hearing would be limited to:

- Procedural Questions – Was the sanctioning process consistent with relevant University policy? Were there any procedural irregularities that should invalidate the sanctioning outcome?
- Substantive Questions – Was the sanction appropriate and proportionate given the OEO violations for which the sanction was issued?

Again, this scope of review was consistent with Policy C07.

6. The scope, procedure, and process of the Peer Hearing was controlled by UNM Policy C07. *Id*. As a committee member of the Faculty Ethics and Advisory Committee and as panel member of the Peer Hearing of Professor Flor, I did not have discretion to deviate from the scope of review as set forth in Policy C07.

7. Pursuant to Policy C07, the Peer Hearing panel provided copies of the Model Hearing Procedure Rules to all parties, imposed the requirements of those procedural rules on all parties, and followed all Policy C07 requirements. *See* Model Hearing Procedure Rules, and Dispute Resolution Hearing Procedure referenced herein and attached as Attachments 1 and 2 to the Declaration of Lisa Broidy.

8. Pursuant to these rules of procedure, the parties submitted witness and exhibit lists to the Peer Hearing panel.

9. At no time before Professor Flor submitted his witness and exhibit lists or after did I instruct him that he could not call any particular witness (including Eva Chavez) or that he was unable to introduce documentary evidence.

10. Regarding Professor Flor's proposed witnesses, he included a witness by the name of

Samantha Harris, an individual not associated with UNM. It was unclear to myself and the other panel members what information she could provide that would assist the panel in its review. Before any decision was made about the ability of Ms. Harris to testify, Professor Flor voluntarily withdrew this witness.

11.  Professor Flor's witness list did not include Eva Chavez or any other witness who he now claims had exculpatory information.

12.  The Peer Hearing panel did not exclude any witnesses or exhibits identified by Professor Flor before the hearing or during the hearing.

13.  Before the Peer Hearing and pursuant to the Model Hearing Procedure Rules, the Dispute Resolution Hearing Procedure Rules, and consistent with Policy C07, Professor Flor was advised that his attorney could consult with him during the Peer Hearing but could not actively present his case at the Peer Hearing.

14.  Professor Flor's attorney was present during the Peer Hearing and routinely consulted with Professor Flor throughout the Peer Hearing.

15.  The panel conducted an on-record closed Peer Hearing on February 21, 2020, considering all witnesses and evidence submitted by both parties and consistent with its scope of review defined by Policy C07.

16.  During the Peer Hearing, Professor Flor cross-examined all adverse witnesses.

17.  Professor Flor did not testify on his own behalf at the Peer Hearing.

18.  Based upon its review, the panel upheld the sanction against Professor Flor – suspension for one year without pay.

19.  I no longer serve on the Faculty Ethics and Advisory Committee. At the time of the Peer Hearing and currently, I had no decision making authority to alter or change UNM policy or

procedures regarding the OEO investigative process, the faculty sanctioning process detailed in Policy C07, the peer review appeal process detailed in Policy CO7, or the scope of representation provided by the Office of University Counsel.  I have no decision making authority or ability to reverse the outcomes and findings of the OEO investigation, to expunge Professor Flor's personnel file of any matter, and/or to control the disclosure of or contents of Professor Flor's personnel file.  In my present capacity and outside of the context of the Peer Hearing itself, I have no decision making authority to lift the one-year suspension against Professor Flor.

    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

    Dated: October 15, 2020

_____
Karin High