IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NICK VINCENT FLOR,

Plaintiff,

v.  Cause No. 1:20-cv-00027-JAP-LF

THE BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO,
STEPHEN BISHOP, LISA BROIDY,
KEVIN GICK, KARIN HIGH, ERIC LAU,
individually and in their official capacities,
and EVA CHAVEZ,

Defendants.

## DECLARATION OF KEVIN GICK

Kevin Gick, being duly sworn under oath and deposes as follows:

1. I am over the age of 18, and the information contained in this declaration is based upon my personal knowledge.

2. At all relevant times and currently, I was Associate University Counsel with the Office of University Counsel at the University of New Mexico ("UNM").

3. In my capacity as Associate University Counsel, I became aware of Professor Flor's request for a Peer Hearing pursuant to UNM Faculty Handbook Policy C07 seeking a review of his suspension for one year without pay.

4. Pursuant to the hearing procedures governing Peer Hearings, I was assigned to advise the Peer Hearing Panel regarding the University's policies and procedures pertinent to Professor Flor's challenge to his suspension.

5. After the Peer Hearing panel was empaneled and in my capacity as Associate University Counsel, I consulted with and advised the Peer Hearing panel members about the policies

1

EXHIBIT E

governing and procedure for conducting the Peer Hearing.

6. The scope and procedure of the Peer Hearing was controlled by UNM Policy C07 and UNM's procedures governing peer hearings. My role was limited to providing legal advice and consultation to the Peer Hearing panel. I did not question witnesses or the parties, nor did I draft the panel's decision. I had no decision making authority in the Peer Hearing process. Rather, this authority was vested solely in a majority of the members of the Peer Hearing panel acting as a body and not individually.

7. Pursuant to Policy C07, Professor Flor was able to request a record review of the Peer Hearing decision by the Provost/Chancellor.

8. There is not procedural process contained in Policy C07 or any other UNM policy that would permit the panel members to reverse its decision on its own.

9. In my capacity as Associate University Counsel, I have no decision making authority to alter or change UNM policy or procedures regarding the OEO investigative process, the faculty sanctioning process, the peer review appeal process, Policy C07, or the scope of representation provided by the Office of University Counsel. Similarly, I have no decision making authority or ability to reverse the outcomes and findings of the OEO investigation, the faculty disciplinary process, or the Policy C07 Peer Hearing process. I am not and have never been authorized to make personnel decisions regarding Professor Flor, to expunge Professor Flor's personnel file of any matter, to control the disclosure of or contents of Professor Flor's personnel file, and/or to lift the one-year suspension against Professor Flor.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 15, 2020

Kevin G. Gick

Digitally signed by Kevin G. Gick
DN: cn=Kevin G. Gick, o=The University of New Mexico, ou=Office of University Counsel, email=kgick@salud.unm.edu, c=US
Location: Office of University Counsel
Date: 2020.10.15 13:24:42 -06'00'

Kevin Gick