IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NICK VINCENT FLOR,

    Plaintiff,

v.                                                       No. 1:20-CV-27-JAP-LF

THE BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO,
STEPHEN BISHOP, LISA BROIDY,
KEVIN GICK, KARIN HIGH, ERIC LAU,
individually and in their official capacities,
and EVA CHAVEZ,

    Defendants.

**PLAINTIFF NICK FLOR'S RESPONSE TO DEFENDANT BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO'S SECOND MOTION FOR PROTECTIVE ORDER TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

    Plaintiff Nick V. Flor hereby responds to Defendant Board of Regents of the University of New Mexico's second motion for protective order to Plaintiff's first set of requests for production. Doc. 78.

**Factual Background**

    Plaintiff Nick Flor brought suit against Defendant Board of Regents of the University of New Mexico ("Defendant University"), Defendants Stephen Bishop, Lisa Broidy, Kevin Gick, Karin High, and Eric Lau, individually and in their official capacities ("Individual Defendants"), and Defendant Eva Chavez. Doc. 68. Plaintiff seeks seven separate counts against Defendants. Out of all seven counts, only one count involves 42 U.S.C. § 1983. Doc. 68, Count I.

    On July 15, 2020, Plaintiff served his First Set of Requests for Production to Defendant University. Defendants filed two motions to extend time to respond to Plaintiff's first set of requests for production, which this Court granted because the Court "not[ed] no opposition[.]"

Doc. 67 and Doc. 76.[1] On October 14, 2020, Defendant University filed this motion for protective order seeking a stay on discovery. Doc. 78. On October 15, 2020, Individual Defendants filed a motion for summary judgment requesting that the Court dismiss Plaintiff's Second Amended Complaint on various jurisdictional grounds, including qualified immunity. Doc. 79. The protective order seeks to stay discovery based on the Individual Defendants' qualified immunity defense to Count I. Doc. 78 at 3, ¶ 9.

**Legal Argument**

**I.   A Protective Order is Inappropriate for Defendant University Because it has not Raised a Qualified Immunity Defense.**

Defendant University seeks a protective order merely because other parties have raised a qualified immunity defense. *See* Doc. 78 and Doc. 79. A district court has discretion to stay discovery "for good cause shown." Fed. R. Civ. P. 26(c). Good cause may exist when the party from whom discovery is sought shows that it would suffer "annoyance, embarrassment, oppression or undue burden or expense" absent a stay. *Id.* However, "the issuance of a stay is by no means automatic." *Spencer Trask Software & Info. Servs. v. RPost Int'l.*, 206 F.R.D. 367, 368 (S.D.N.Y.2002) (quotation omitted).

Contrary to Defendant University's position, the Supreme Court has not articulated a categorical bar against discovery when a party raises a qualified immunity defense. Instead, a court must weigh the risk of prejudice and competing burdens when deciding whether to stay discovery. "[T]he trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense . . . so that officials are not subjected to unnecessary and burdensome discovery

---

[1]   Defendant University misleadingly states that these motions were granted due to ongoing briefing, when in fact, these were granted because they were unopposed. *See* Doc. 78 at 1, ¶ 2; Doc. 67 and Doc. 76. Now, Defendant University seeks to use the collegiality of opposing counsel against them to gain a tactical advantage in this case. *See* Decl. of Nicholas T. Hart.

2

or trial proceedings." *Crawford–El v. Britton*, 523 U.S. 574, 597 (1998). Here, Plaintiff has made claims against an entity that has no defense of qualified immunity—Defendant University. Those claims will remain regardless of the outcome of the Individual Defendants' qualified immunity motion. *See Galarza v. Szalczyk*, 2012 WL 627917 (E.D. Pa. 2012) (refusing to grant stay of discovery where other claims will proceed regardless of the outcome of a qualified immunity defense and where defendants are not unduly burdened by discovery). Thus, a blanket stay against all Defendants will merely delay discovery and potentially prejudice Plaintiff.

Defendant University asserts, albeit in a block quote, that *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) requires a stay of discovery in the present matter against all Defendants because other Defendants raised the defense of qualified immunity. Doc. 78 at 3, ¶ 9. It is essential to recognize that because the defense of qualified immunity is limited to particular claims against particular individuals, the corresponding protection against burdensome discovery is also limited. The defense is available only to individual government officials, not governmental entities. *See Owen v. City of Independence*, 445 U.S. 622, 638-40 (1980). If Defendant University wanted to claim an immunity, it could have done so in the Individual Defendants' motion for summary judgment, but it did not.

Lastly, discovery is appropriate when a qualified immunity argument is not well-developed or compelling on its face. *See Robillard v. Bd. of Cnty. Comm'rs.*, Civ. A. No. 11-cv-03180-PAB-KMT, 2012 WL 694507, at *2 (D. Colo. Mar. 1, 2012) (unpublished) (finding that the individual defendants' qualified immunity defense, which was raised as a one-paragraph alternative defense relegated to a footnote, was not well supported). Here, Defendant University has not developed a qualified immunity argument, as it cannot, and thus, discovery is appropriate.

**II.     Stay of all Discovery as to all Defendants is Inappropriate Because Defendants have not Articulated a Basis for Such a Stay.**

Defendant University does not articulate a good cause and fails to address significant factors to help guide the Court in its determination of whether a stay of discovery in this case is appropriate.

"[Q]ualified immunity does not shield government officials from all discovery but only from discovery which is either avoidable or overly broad." *Garrett v. Stratman*, 254 F.3d at 953 (alterations omitted) (internal quotation marks omitted) (quoting *Maxey by Maxey v. Fulton*, 890 F.2d 279, 282 (10th Cir. 1989)). "Thus, where the claim turns at least partially on a factual question for which the district court needs more facts to answer, courts should allow discovery, but limit the discovery to allow the plaintiff to uncover only the necessary facts to decide the immunity claim." *Herrera v. Santa Fe Pub. Sch.*, No. CIV 11-0422 JB/KBM, 2012 WL 6846393, at *8 (D.N.M. Dec. 20, 2012).

Even where a qualified immunity defense is asserted, some limited discovery is still permitted. As the Supreme Court in *Crawford–El* observed, qualified immunity does not protect an official from *all* discovery, but only from that which is "broad-reaching." 523 U.S. at 593 at n. 14, 118 S.Ct. 1584. Individual Defendants and Defendant University have not articulated what, if anything, in Plaintiff's first set of discovery requests is so broad-reaching that it necessitates a discovery stay.

When considering whether to stay discovery, courts have considered five factors: (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Gilman v. New Mexico*, No. CV 20-213 KG/SCY, 2020 WL 3489544, at *2 (D.N.M. June 26, 2020) (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-

PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)); *see also Roybal v. United States*, No 13-610 KG/GBW, 2014 WL 12617288, at *2 (D.N.M. Apr. 9, 2014) (considering the *String Cheese* factors); *Mestas v. CHW Group, Inc.*, No. 19-792 MV/CG, 2019 WL 5549913, at *1 (D.N.M. Oct. 28, 2019) (same).

The first factor weighs in Plaintiff's favor. Defendants' counsel represented to Plaintiff's counsel that they sought a motion for extension of time because they could not fulfill Plaintiff's requests on time due to the COVID-19 pandemic. *See* Decl. of Nicholas T. Hart. Instead, they did so to gain a tactical advantage in this case and to further delay Plaintiff's case in this federal court. *Id.* Moreover, Plaintiff has a compelling interest in proceeding without further delay and would be prejudiced by any stay in the proceedings because Plaintiff continues to be suspended and his employment records continue to reflect a policy violation and/or discipline. *See Robillard v. Bd. of Cty. Comm'rs of Weld Cty. Colorado*, No. 11-CV-03180-PAB-KMT, 2012 WL 694507, at *3 (D. Colo. Mar. 1, 2012); *see also String Cheese Incident*, 2006 WL 894955, at *2 (D.Colo. March 30, 2006) (quoting FDIC v. Renda, No. 85–2216–O, 1987 WL 348635, at *2 (D.Kan. Aug. 6, 1987) (delaying proceedings until there is a ruling on a motion to dismiss "would significantly impact and prejudice plaintiff's 'right to pursue [its] case and vindicate its claim expeditiously.'"); and *Sanaah v.. Howell*, 08–cv–02117–REB–KLM, 2009 WL 980383, at *1 n. 1 (D.Colo. Apr. 9, 2009) ("[W]ith the passage of time, the memories of the parties and other witnesses may fade, witnesses may related or become unavailable, or documents may become lost or inadvertently destroyed."). Therefore, the first factor weighs in Plaintiff's favor.

The second factor also weighs in Plaintiff's favor. The burden, if any, that Defendants face from discovery on Plaintiff's Section 1983 claim is outweighed by Plaintiff's interest in proceeding expeditiously with this case. Defendants claim that because of a sole count that Plaintiff seeks

5

against which the Individual Defendants raise the defense of qualified immunity, all discovery should be stayed in the case. Doc. 78 and Doc 79.  Even if a stay were granted as to Plaintiff's Section 1983 claim against the Individual Defendants, these Defendants would still be subject to discovery on Plaintiff's Counts II and III, and Defendant University is subject to discovery in Counts II through VI.  *See Robillard*, 2012 WL 694507, at *3 (D. Colo. Mar. 1, 2012) (finding that discovery would not be stayed because of a sole defense of qualified immunity since there were other counts against the individual defendants).

Moreover, there is only one counsel representing Defendants.  Requesting discovery to Defendants that are represented by one counsel does not demonstrate a burden, rather, it demonstrates that discovery would be streamlined if discovery can continue its natural process. In fact, all discovery requests are made to Defendant University and to its current counsel of record. Nothing has been argued by Defendants that would demonstrate a burden. Accordingly, subjecting Defendants to discovery on any of Plaintiff's counts would not impose much, if any, additional burden on Defendants because discovery as to Plaintiff's Section 1983 claim will not be separate and distinct from discovery relating to Plaintiff's other claims. *See id.*

As to the third factor, judicial economy would be undermined by a piecemeal disposition of Plaintiff's claims. *See id.*  A stay of discovery on any or all of the issues in this case would result in delay, burden, and confusion for the Court and the parties. Moreover, if a stay as to Plaintiff's Section 1983 claim against the Individual Defendants was granted, it is not unlikely that the Court would be faced with discovery disputes over whether any or all of Plaintiff's future discovery requests violate the stay, or instead relate only to Plaintiff's remaining, unstayed claims. "[A]n ill-advised stay would inconvenience the court by making the court's docket less predictable and, hence, less manageable." *Id.* Therefore, the third factor weighs in Plaintiff's favor.

Finally, the fourth and fifth factors weigh in Plaintiff's favor. Here, Defendants have not articulated whether there are any third parties not part of this civil litigation that would be affected by potential discovery in this case, and Plaintiff is not aware of any. Moreover, the public-interest factor weighs in favor of "a prompt and efficient handling of all litigation." *Id.* (citation omitted). Therefore, Plaintiff has demonstrated that a stay of discovery in this case is not warranted.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that Defendant University's motion for a protective order be denied.

Respectfully submitted,

*/s/ Nicholas T. Hart*

Nicholas T. Hart
Carter B. Harrison, IV
**HARRISON & HART, LLC**
924 Park Ave. SW
Suite E
Albuquerque, NM 87102
T: (505) 295-3261
F: (505) 341-9340
carter@harrisonhartlaw.com
nick@harrisonhartlaw.com

Samantha Harris
**MUDRICK & ZUCKER, P.C.**
*325* Sentry Parkway
Building 5 West, Suite 320
Blue Bell, PA 19422
T: (610) 832-0100
F: (610) 279-3900
*samantha@mudrickzucker.com*

## **CERTIFICATE OF SERVICE**

    I certify that Plaintiff's Response to Defendant Board of Regents of the University of New Mexico's Second Motion for Protective Order to Plaintiff's First Set of Requests for Production was filed with the United States District Court for the District of New Mexico's CM/ECF e-filing system on October 28, 2020, which caused service upon all parties through counsel of record.

*/s/ Nicholas T. Hart*
Nicholas T. Hart
