IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**NICK VINCENT FLOR,**

        **Plaintiff,**

v.                                                      Cause No. 1:20-cv-00027-JAP-LF

**THE BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO,
STEPHEN BISHOP, LISA BROIDY,
KEVIN GICK, KARIN HIGH, ERIC LAU,**
individually and in their official capacities,
and **EVA CHAVEZ,**

        **Defendants.**

**DEFENDANT BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO'S
REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR PROTECTIVE ORDER**

Defendant Board of Regents of the University of New Mexico ("UNM"), by and through its attorneys Conklin, Woodcock & Ziegler, P.C., submits this Reply to Plaintiff's Response to the Motion for Protective Order (Doc. 83). Good cause exists to enter a Protective Order to prevent UNM from responding to Plaintiff's First Set of Requests for Production until after the Individual Defendants' Motion for Summary Judgment raising a qualified immunity defense and seeking a stay of discovery is decided.

    **I.**    **UNM established good cause based upon the pending Motion raising qualified immunity as a defense.**

As a general rule, once any defendant files a dispositive motion raising qualified immunity, a stay of discovery as to all Defendants is appropriate. *See Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992); and, *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009). The purpose of this general rule is to protect government

officials from participating in the demands and expense of litigation while the issue is being resolved so that the government officials may direct their attention to the "execution of the work of the government." *Iqbal*, 556 U.S. at 685.

Plaintiff's opposition to the Motion for Protective Order is largely based upon his argument that UNM is not entitled to raise qualified immunity as defense, and therefore, a stay of discovery is not proper for this Defendant. This argument was squarely addressed and rejected by *Iqbal* as being inconsistent with the very purpose of a qualified immunity defense:

> [i]t is no answer to these concerns to say that discovery for petitions can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitions and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Iqbal*, 556 U.S. at 685–86; and *see Martinez v. Carson*, 697 F.3d 1252, 1256 (10th Cir. 2012) (citing the *Iqbal* reasoning with approval); and *Taylor v. Haynes Burns*, 2013 WL 12330003, at *2 (D. N.M. May 2, 2013) (when a public official raises a qualified immunity defense and the remaining county defendant is not entitled to raise qualified immunity, a stay of all discovery is appropriate because the county's liability is contingent upon the liability of the public official).

While admittedly there are claims pled against UNM that are not pled against the Individual Defendants, Plaintiff does not argue and cannot argue that the discovery propounded upon UNM is only directed to claims pled against UNM, or more importantly, that the requests are factually independent from any facts or claims directed to the Individual Defendants. Instead, Plaintiff's Second Amended Complaint is forty-one pages long and sets forth a significant number of intertwined factual allegations against UNM, UNM employees (not named as parties), and the

individually named party Defendants, who are also UNM employees. *See* Second Amended Complaint (Doc. 68), ¶¶ 13 through 213.  To further the policy goals of the qualified immunity defense and because a stay of discovery as to all Defendants has been requested, good cause exists to grant UNM a Protective Order preventing it from responding to Plaintiff's First Set of Requests for Production until such time that the pending Motion for Summary Judgment is decided.  *See Pia v. Supernova Media, Inc.*, 275 F.R.D. 559, 560 (D. Utah 2011) (Good cause is established upon a showing of specific prejudice or oppression that will be caused by the discovery).

To the extent Plaintiff argues he is entitled to some limited discovery to address the qualified immunity defense, or that a stay of all discovery in and of itself is not appropriate, these arguments are outside the scope of the present Motion for Protective Order.  *See* Response, pp. 4-6.  Certainly, Plaintiff is free to raise such arguments in opposition to the pending Motion for Summary Judgment.  For purposes of the Motion for Protective Order, these arguments do nothing to demonstrate that UNM and the Individual Defendants will not be burdened by responding to discovery requests directed to all intertwined facts and claims pled by Plaintiff to date.  *See* Fed. R. Civ. P. 26(c) (A court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").

**II.       Plaintiff's arguments accusing Defendant of submitting the Motion for Protective Order for an Improper Purpose, or to gain a tactical advantage should be rejected.**

Despite this case being filed on December 31, 2019, the parties are in the very early stages of discovery.  The posture of this case is due to early and lengthy motion practice by both parties and the amendment of the pleadings by Plaintiff.  *See* e.g., Joint Motion for Extension of Case Management Deadlines (Doc. 71), ¶¶ 4 through 13. After Plaintiff filed his Second Amended Complaint at the end of August of 2020, the Individual Defendants almost immediately moved for

summary judgment raising qualified immunity as a defense in accord with the general principle that issues of qualified immunity should be addressed at the earliest possible opportunity. *Medina v. Cram*, 252 F.3d 1124, 1127-28 (10th Cir. 2001) ("[C]ourts should resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation.").

Plaintiff argues he was unaware of the intent to raise qualified immunity as a defense. This argument is directly refuted by paragraph 14 of the Joint Motion for Extension of Case Management Deadlines whereby the parties advised that Court of "additional motion practice regarding the validity of the Plaintiff's claims as to the newly added party Defendants, which will include raising a qualified immunity defense." *See* Motion (Doc. 71), p. 3. This issue also was addressed directly with the Court and Plaintiff's counsel in a Status Conference held on June 1, 2020, whereby the Defendants noted that it intended to file a motion raising qualified immunity as a defense to delay the scheduling of a settlement conference until dispositive motions were decided.

Similarly, in the Defendant's prior requests for extensions of time to respond to the First Set of Requests for Production directed to UNM, Defendant specifically advised the Court that "[b]ecause Plaintiff has been permitted to file an amendment of his pleading in the Memorandum Opinion and Order granting Defendants' Motion to Dismiss (Doc. 64), and Plaintiff has confirmed his intent to file such an amendment, Defendant seeks an extension to respond to the served discovery requests to September 14, 2020." *See* Motion for Extension of Time (Doc. 55), pp. 1-2. This position was reiterated in the second request for an extension of time to respond to the discovery requests. *See* Second Motion for Extension of time (Doc. 75), pp. 1-2. Likewise, in the Second Motion for Extension of time, Defendant also noted that Plaintiff had just filed his Second

Amended Complaint "bringing claims against several new individually named Defendants." *Id.*, p. 2.

Tellingly, the Joint Motion seeking an extension of the case management deadlines and specifically referring to an anticipated motion raising qualified immunity as a defense was filed on September 8, 2020, **three days before** the Second Motion for Extension of Time.  Plaintiff's argument that he would have opposed the requested Motions for Extension of time if he had known of the anticipated defense is disingenuous at best. *See* Doc. Nos. 71 and 75.

Counsel is not interested in getting involved in a he said/she said battle, but it is counsel's recollection that in addition to the above statements, there were at least two telephone conversations with Plaintiff's counsel whereby the filing of a motion raising qualified immunity was discussed.  The first conversation occurred by telephone immediately before the June 1, 2020 status conference.  The second conversation occurred in relation to the first request for an extension of time to respond to the subject discovery requests.

Even if Plaintiff's counsel does not recall these conversations, the filings to date refute Plaintiff's position.  *Id.*  Similarly, the timing of the Motion for Summary Judgment is exactly what is viewed as proper procedure in raising the defense. *Medina*, 252 F.3d at 1127-28.  The Motion for Protective Order was submitted because qualified immunity was raised as a defense. Accordingly, the timing of the motion does not serve as a basis to deny it, nor was it submitted for an improper purpose.

WHEREFORE, Defendant respectfully requests this Court to grant a Protective Order, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

CONKLIN, WOODCOCK & ZIEGLER, P.C.

By: */s/ Alisa Wigley-DeLara*
Alisa Wigley-DeLara
320 Gold Ave., Suite 800
Albuquerque NM 87102
Telephone: (505) 224-9160
*Attorney for Defendant*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was e-filed and served via email upon counsel of record on this 12th day of November, 2020.

*/s/ Alisa Wigley-DeLara*
Alisa Wigley-DeLara