IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NICK VINCENT FLOR,

        Plaintiff,

v.                                                            1:20-cv-00027-JAP-LF

THE BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO,
STEPHEN BISHOP, LISA BROIDY,
KEVIN GICK, KARIN HIGH, ERIC LAU,
individually and in their official capacities,
and EVA CHAVEZ,

        Defendants.

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER

THIS MATTER comes before the Court on defendant University of New Mexico's ("UNM") Second Motion for Protective Order to Plaintiff's First Set of Requests for Production, filed on October 14, 2020.  Doc 78.  Plaintiff Nick Vincent Flor filed his response on October 28, 2020.  Doc. 83.  UNM filed its reply on November 12, 2020.  Doc. 86.  The Court, having read the submissions of the parties and being fully advised finds that the motion is well taken and will GRANT it.

In its motion, UNM seeks a protective order for not responding to Mr. Flor's first set of discovery requests because the individual defendants have filed a motion for summary judgment raising the qualified immunity defense (Doc. 79).  As part of their motion for summary judgment, the individual defendants have sought a stay of discovery.  *See* Doc. 79 at 1.  The presiding judge will decide the motion for summary judgment and the motion for a stay of discovery.

In the instant motion, UNM is not seeking a stay of discovery.  Instead, it seeks a protective order "to prevent UNM from responding to [Mr. Flor's] discovery requests until such time that the issues raised in the Individual Defendants Motion for Summary Judgement are decided."  Doc. 78 at 2.

In accordance with Rule 26(c) of the Federal Rules of Civil Procedure, a person or party, by whom discovery is being sought, may file a motion for protective order.  The Court may grant a protective order when it is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  FED. R. CIV. P. 26(c); *see also Thomas v. Int'l Bus. Mach.,* 48 F.3d 478, 482 (10th Cir. 1995).  It is the party seeking the protective order who has the burden to show good cause for a protective order.  *Sentry Ins. v. Shivers,* 164 F.R.D. 255, 256 (D. Kan. 1996).  To demonstrate good cause, the party seeking the protective order must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."  *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n.16 (1981) (internal quotations and citations omitted).

In this case, UNM has demonstrated good cause for a protective order.  There is the potential that the presiding judge will stay discovery for all defendants in this case.  Standard practice in this District is to stay discovery—as to all defendants—when the defense of qualified immunity has been raised.  *See Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992); *see also Herrera v. Santa Fe Pub. Schs*., No. CIV 11-0422 JB/KBM, 2012 WL 6846393, at *10 (D.N.M. Dec. 20, 2012) (unpublished).  If the Court stays discovery for all defendants, UNM will not be required to respond to Mr. Flor's first set of discovery requests, thus saving UNM the burden and expense of responding.

IT IS THEREFORE ORDERED THAT UNM'S Second Motion for Protective Order to Plaintiff's First Set of Requests for Production (Doc 78) is GRANTED.  UNM is excused from responding to Mr. Flor's discovery requests until such time that the issues raised in the individual defendants' motion for summary judgement are decided.[1]

Laura Fashing
United States Magistrate Judge

---

[1] If the presiding judge denies the motion to stay before ruling on the motion for summary judgment, this protective order will be lifted.