IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NICK VINCENT FLOR,

        Plaintiff,

v.                                                                  No. 1:20-cv-00027-MIS-LF

THE BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO, *et al.,*

        Defendants.

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT[1]

Plaintiff Nick Vincent Flor respectfully submits this Motion to Compel Discovery Responses from Defendant Board of Regents of the University of New Mexico, according to Fed.R.Civ.P. 37(a)(3) to compel Defendants to respond to Plaintiff's Interrogatory No. 2 and and Request for Production Nos. 2-6 and 25-26. *See* Exhibit A, Plaintiff Nick Flor's First Set of Interrogatories and First Set of Requests for Production to Defendants; Exhibit B, Defendants' Objections, Answers, and Responses to Plaintiff Nick Flor's First Set of Interrogatories and First Set of Requests for Production; Exhibit C, Defendants' Second Supplemental Objections, Answers, and Responses to Plaintiff Nick Flor's First Set of Interrogatories and First Set of Requests for Production; Exhibit D, Defendants' Third Supplemental Objections, Answers, and Responses to Plaintiff Nick Flor's First Set of Interrogatories and First Set of Requests for Production. As such, Plaintiff not only requests an order from this Court compelling the

---

[1] Defendants have previously stated in meet and confer communications that they are unwilling to turn over the records requested in the requests for production at issue in this motion, and Defendants have failed to fully respond to the interrogatory at issue in this motion. Their opposition to this motion is assumed based upon those interactions.

requested discovery but also his attorney's fees and any other expenses incurred in filing this Motion. *See* Fed. R. Civ. P. 37(A)(5).

## BACKGROUND

### I. Factual and Procedural Background

On August 8, 2021, Plaintiff served his First Set of Interrogatories and First Set of Requests for Production to Defendants. After several unopposed extensions, Defendants propounded upon Plaintiff their Objections, Answers, and Responses to Plaintiff Nick Flor's First Set of Interrogatories and First Set of Requests for Production on October 8, 2021. Doc. 121. On October 15, 2021, Plaintiff sent Defendants a Good-Faith Letter in accordance with Fed.R.Civ.P. 37(A). *See* Exhibit E. Plaintiff explained to Defendants several deficiencies in Defendants' Objections, Answers, and Responses to Plaintiff Nick Flor's First Set of Interrogatories and First Set of Requests for Production. *See id.* The Parties agreed to enter into a Confidentiality Order, which the court entered October 26, 2021. Doc. 122. On that same date, the Parties had telephonic meet and confers where they discussed the deficiencies in Defendants' discovery responses. On November 22, 2021, based on this Confidentiality Order, Defendants propounded their Second Supplemental Objections, Answers, and Responses to Plaintiff Nick Flor's First Set of Interrogatories and First Set of Requests for Production. Doc. 130. On April 20, 2022, Defendants propounded upon Plaintiff their Third Supplemental Objections, Answers, and Responses to Plaintiff Nick Flor's First Set of Interrogatories and First Set of Requests for Production. Doc. 150.  Plaintiff now moves to compel complete answers and responses to Interrogatory No. 2 and Requests for Production Nos. 2, 3, 4, 5, 6, 25, and 26.

## II. Discovery Requests and Responses at Issue.

Under Interrogatory No. 2, Plaintiff requested that Defendants identify every professor or staff member that has been found to have violated any of the University's sexual harassment or retaliation policies from January 1, 2015 to the present, and for each, to identify whether they had previously been found to have violated University policy, the nature of the actions, omissions, or behavior that underlies the finding that the policy violation occurred, the sanction that was eventually imposed, the gender of the professor, and the facts underlying the complaint made against the professor. Defendants' supplemental answer in their Third Supplemental Objections, Answers, and Responses to Plaintiff Nick Flor's First Set of Interrogatories and First Set of Requests for Production, see Ex. D, reiterated their objections, and provided the first portion of the request which requested that Defendants "identify every professor or staff member that has been found to have violated any of the University's sexual harassment or retaliation policies from January 1, 2015 to the present[.]" However, Defendants failed to answer for each person identified "whether they had previously been found to have violated University policy," and "the facts underlying the complaint made against the professor."

Under Requests for Production No. 2-6, 25-26, Plaintiff requested the personnel files of Defendants Gick, Bishop, Broidy, High, Lau, and of Camille Carey and Shawn Berman. In their Objections, Answers, and Responses to Plaintiff Nick Flor's First Set of Interrogatories and First Set of Requests for Production, see Ex. B, Defendants objected to these requests as overly broad, unduly burdensome, intrusive, designed to harass, not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is private and confidential, falling outside the scope of permissible discovery. These were further objected to as irrelevant and because these were likely to contain confidential information. Defendants next stated in their

Second Supplemental Objections, Answers, and Responses to Plaintiff Nick Flor's First Set of Interrogatories and First Set of Requests for Production, see Ex. C., reiterated their objections and then provided but provided a redacted Learning Central Report reflecting sexual harassment training for Requests for Production Nos. 2-6.

## LEGAL STANDARD

Fed. R. Civ. P. 26(b)(1) provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Relevant information need not be admissible at trial so long as it is reasonably calculated to lead to the discovery of admissible evidence. *Id.* Discovery's scope under Rule 26 is broad. *See Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *Sanchez v. Matta*, 229 F.R.D. 649, 654 (D.N.M. 2004) ("The federal courts have held that the scope of discovery should be broadly and liberally construed to achieve the full disclosure of all potentially relevant information."). The federal discovery rules reflect the courts' and Congress's recognition that "mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). If a party does not respond to an interrogatory or to a request for production, the party requesting the discovery may move the Court to compel the opposing party to respond. *See* Fed. R. Civ. P. 37(a)(2)(B). "[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *see also Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) (addressing burdens following 2015 amendments to discovery rules). The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may

not rely on boilerplate, generalized, conclusory, or speculative arguments. *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

## ARGUMENT

I. **Defendants must be compelled to fully answer Interrogatory No. 2 because this Interrogatory is relevant to Plaintiff's claims and Defendants waived any objections they could have employed by partially answering this Interrogatory.**

Defendants must be compelled to fully answer Interrogatory No. 2 because this Interrogatory is relevant to Plaintiff's claims in this case. *See Sanchez v. Matt*, 229 F.R.D. 649, 654 (D.N.M. 2004) ("The federal courts have held that the scope of discovery should be broadly and liberally construed to achieve the full disclosure of all potentially relevant information."); 7 James Wm. Moore et al., Moore's Fed. Prac. § 37.22(2)(a) (3d ed.) ("[T]he standard for determining whether information is relevant for purposes of pretrial discovery is substantially broader than the standard for relevance during trial."). Whether the individuals identified in this interrogatory were previously disciplined and the facts and circumstances of the alleged behavior is not only likely to lead to the discovery of admissible evidence but is highly relevant to this case. Specifically, Defendants have contended that an initial draft sanction censuring Dr. Flor violated Title IX because it did not conform with other to determine whether Plaintiff was sanctioned was similar to other sanctions imposed on other persons employed by the University. Whether the disciplined professors were previously disciplined is relevant as second and subsequent disciplinary actions are often more severe than if the disciplinary action was the first policy violation. And the facts and circumstances are relevant because not all violations of the University's sexual harassment policy are the same; specifically, a sexual assault is different than

a consensual sexual relationship, a physical sexual relationship is different from verbal harassment, the severity of harassment could differ, and the number of alleged victims of the harassment can differ. Therefore, Defendant should be compelled to provide a full and complete answer to Interrogatory No. 2.

Next, Defendant asserted objections and then answered Interrogatory No. 2. This is not an acceptable practice because it leaves Plaintiff uncertain as to whether and what information has been withheld from Plaintiff's answers. By employing this tactic, Defendants have waived their objections. *See Gonzales v. Goodyear Tire & Rubber Co.*, No. CIV 05-941 BB/LFG, 2006 WL 8443759, at *10 (D.N.M. Aug. 18, 2006) (directing the defendant to "fully" answer certain interrogatories and "giv[e] all the information asked for in the format of the question" after the defendant answered the interrogatories "subject to and without waiving its previous objections"); *Sprint Comms. Co., L.P. v. Comcast Cable Comms.*, LLC, Nos. 11-2684-JWL, 11-2685-JWL, 11-2686-JWL, 2014 WL 545544, at *2–3 (D. Kan. Feb. 11, 2014) (finding the practice of asserting objections and answering them "subject to" or "without waiving" objections is "manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure" and concluding "whenever an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands" (citations omitted)). Here, Defendants partially relied on their objections to not fully answer this Interrogatory. That reliance is improper. Defendants must be compelled to answer fully.

**II.    Defendants must be compelled to fully respond to Requests for Production Nos. 2-6 and 25-26 because these Requests are relevant to Plaintiff's claims, Defendants waived any objections they could have employed by partially responding to these Requests, and any privacy concerns were resolved by the Confidentiality Order.**

Under Requests for Production Nos. 2-6, and 25-26, Plaintiff requested the personnel files of Defendants Gick, Bishop, Broidy, High, Lau, and of Camille Carey and Shawn Berman. Defendants objected to this request as overly broad, unduly burdensome, intrusive, designed to harass, not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is private and confidential, falling outside the scope of permissible discovery. These were further objected to as irrelevant and because these were likely to contain confidential information. Defendants provided partial documents regarding Requests for Production Nos. 2-6. However, Defendants failed to provide a complete personnel file for all the Requests.

Personnel files are discoverable as long as these are found to be relevant. *See Diaz-Garcia v. Surillo-Ruiz*, 45 F. Supp. 3d 163, 167 (D.P.R. 2014) (allowing discovery of 17 personnel files). Here, the individual defendants participated in the peer hearing process that upheld the sanction imposed on Dr. Flor, Camille Carey imposed the sanction, and Shawn Berman approved the sanction.  The personal files of each of those individuals are relevant because they would provide disciplinary actions, awards, performance reviews, and other records that would allow Plaintiff to determine whether any of these individuals was biased, which is an essential component of Dr. Flor's Title IX claim.  Moreover, personnel files are discoverable "when the personnel file sought is that of an employee directly involved with the incident that gave rise to the action." *Vazquez-Fernandez v. Cambridge Coll., Inc*., 269 F.R.D. 150, 159

(D.P.R. 2010). Here, the personnel files are files of individuals that were involved in this case. Therefore, the personnel files must be compelled based on this alone.

Next, any privacy concerns related to turning over employment recods are offset by the Confidentiality Order entered in this case. *Id.* at 168-169. (*citing Barella v. Vill. of Freeport*, 296 F.R.D. 102, 106 (E.D.N.Y.2013) ("In most cases, a protective order can appropriately remedy privacy concerns arising from discovery of personnel records" (internal quotation marks and citation omitted)); *Glenn v. Williams*, 209 F.R.D. 279, 282 (D.D.C.2002) (finding that the protective order to which the parties agreed for the release of 25 personnel files made "any remaining privacy concerns negligible"); *Miles v. Boeing Co.*, 154 F.R.D. 112, 115 (E.D.Pa.1994) (ordering discovery, subject to a protective order, of personnel file of employee who replaced plaintiff after he was demoted). Last, as explained in Section I., Defendants objected to producing documents but then produced partial documents under Request for Production Nos. 2-6. Defendants have thus waived their objection and must fully respond to these Requests.

### III. Plaintiff is entitled to his reasonable expenses, including attorney's fees, for filing this Motion.

Federal Rule of Civil Procedure 37(a)(5)(A) provides in pertinent part:

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent and his conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Plaintiff is entitled to his attorney's fees for filing this Motion. Defendants have refused to provide certain discovery without foundation. The rules governing discovery provide that Plaintiff is entitled to all information, not privileged, that is relevant to any party's claim or defense. *See* Fed. R. Civ. P. 26(b)(1). Defendants cannot argue that the information requested by

Plaintiff is not relevant nor probative of his claims against Defendants and, in turn, Defendants' defenses against his claims. Accordingly, Plaintiff requests his attorney's fees and costs for having to file this Motion and invoke this Court's discretion in resolving these discovery disputes.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court grant this Motion and grant such other relief the Court deems just and proper.

Respectfully submitted:

HARRISON, HART & DAVIS, LLC

*/s/ Nicholas T. Hart*
Nicholas T. Hart
Ramón A. Soto
924 Park Ave. SW, Suite E
Albuquerque, NM 87102
T: (505) 295-3261
F: (505) 341-9340
nick@harrisonhartlaw.com
ramon@harrisonhartlaw.com

*Attorneys for Nick Vincent Flor*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed with the United States District Court for the District of New Mexico's CM/ECF e-filing system on this 11th day of May 2022, which caused service upon all parties through counsel of record.

*/s/ Nicholas T. Hart*
Nicholas T. Hart