## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

NICK VINCENT FLOR,

        **Plaintiff,**

v.                                    **Cause No. 1:20-cv-00027-MIS-LF**

THE BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO,
STEPHEN BISHOP, LISA BROIDY,
KEVIN GICK, KARIN HIGH, ERIC LAU,
individually and in their official capacities,
and EVA CHAVEZ,

        **Defendants.**

## DEFENDANT BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT

Defendant Board of Regents of the University of New Mexico ("UNM"), by and through its attorneys of record, submit the Response in Opposition to Plaintiff's Motion to Compel Discovery Responses from Defendant (Doc. 165).

### I.    Plaintiff failed to comply with the mandatory requirements of Federal Rule of Civil Procedure 37(a), and local rules 7.1(a) and 26.6.

Plaintiff did not include in his Motion to Compel "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," as required by Rule 37(a). Fed. R. Civ. P. 37(a). Similarly, local rule 7.1(a) required Plaintiff to "determine whether a motion [was] opposed, and a motion that omitt[ed] recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-Civ. 7.1(a). The requirement to confer in good faith is designed to "encourage parties to satisfactorily resolve their discovery disputes prior to resorting to judicial intervention." *Lintz v. American General Finance, Inc.*, 1999 WL 450197 at *1 (D. Kan. June 24, 1999). Likewise,

"[f]ailure to confer or attempt to confer may result in unnecessary motions.  When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could utilize elsewhere."  *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 302 (D. Kan. 1996).  Similarly, under D.N.M.LR-Civ. 26.6, Plaintiff was required to file a Motion to Compel under Rule 37 "within twenty-one (21) days of service of an objection…[and f]ailure to proceed within this time period constitutes acceptance of the objection."  D.N.M.LR-Civ. 26.6.

A good faith effort to confer to resolve a discovery dispute requires something more than a single letter before a Motion to Compel is filed.  *See Lintz*, 1999 WL 450197 at *1 ("For each motion, their attempt to confer consists of a single letter from counsel for plaintiff to defense counsel.  One letter does not satisfy the duty to confer"); *Franks v. Flint-McClung Capital, LLC*, 2011 WL 5244412 at *2 (D. Colo. Nov. 3, 2011) ("To confer means to hold a conference; compare views; consult together. The rule is not satisfied by one party sending a single e-mail to another party, and particularly not where, as here, the e-mail merely indicates an intention to file a motion to compel and does not suggest any negotiation or compromise...."); *Krishnakymar v. Dunkin Donuts,* 2000 WL 1838319 at *1 (S.D.N.Y. Dec. 12, 2000) (relying on *Apex Oil Co. v. Belcher*, 855 F.2d 1009, 1019 2D (2d Cir. 1988) ("Confer" means to meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining, without regard to technical interpretation of the language of a request (a) what the requesting party is actually seeking, (b) what the discovering party is reasonably capable of producing that is responsive to the request, and (c) what specific genuine issues, if any, cannot be resolved without judicial intervention.  The exchange of letters between counsel stating positions "for the record" shall not be deemed compliance with this requirement…."); and *Duran v. City of Albuquerque,* United States District Court No. 02-1210 LH/LFG (Memorandum Opinion and Order Denying Plaintiff's Motion to

Compel Amended Answers, May 16, 2003) ("The intent of Rule 37 is patent.  If parties confer and cooperate with one another, disputes can be narrowed and, through the cooperative process, requisite information needed for the claims and defenses can be produced without the cost and expense involved in formal motion practice and without requiring the court to intervene in disputes which reasonable parties should be able to resolve….").

In his Motion, Plaintiff notes that the parties conferred in good faith by way of letter and telephonic conferences in the months of October of 2021.  This is accurate.  However, missing from Plaintiff's Motion is any effort he took to confer on the objections posed and supplemental discovery responses provided after October of 2021.   Tellingly, Defendant supplemented discovery three times after the month of October on November 22, 2021, December 21, 2021, and April 20, 2022.  *See* Certificates of Service (Doc. 130, 135, and 150).  Plaintiff fails to direct this Court to any efforts he made to confer in good faith about the discovery responses after October of 2021 and most importantly, any efforts made after discovery was supplemented by Defendant.

In fact, in his Motion, Plaintiff states, "Defendants have previously stated in meet and confer communications that they are unwilling to turn over the records requested in the requests for production at issue in this motion, and Defendants have failed to fully respond to the interrogatory at issue in this motion.  Their opposition to this motion *is assumed* based upon those interactions."  *See* Motion, fn.1 (emphasis added).  At no time was Defendant contacted in advance of Plaintiff's filing of the Motion to Compel to discuss its position on the Motion.  Further, at no time was Defendant contacted in advance of Plaintiff's filing of the Motion to Compel to confer about the issues raised.  Stated differently, UNM was not provided the opportunity to address any purported deficiencies in its Answers and Responses to the requested discovery before Plaintiff filed the Motion to Compel.  Based upon the filing, it is evident that Plaintiff had no intention of

complying with his obligation to confer in good faith over any discovery dispute or his obligation to ascertain if a Motion is opposed before filing. *See* Fed. R. Civ. P. 37(a) and D.N.M.LR-Civ. 7.1(a).

Further, the last document production made by Defendants was made in its Second Supplemental Responses on December 21, 2021. *See* (Doc. 135)[1]. Defendant had expressed to Plaintiff its intent to make a final document production, and as part of that communication, undersigned counsel concurred in an extension of time to proceed with a Motion to Compel, if necessary, until after the final document production occurred. *See* Motion for Extension of Time to File a Motion to Compel (Doc. 133) and Order granting Motion for Extension of Time (Doc. 134). With the Order, Plaintiff had until January 3, 2022 to proceed with a Motion to Compel based upon any prior objections, answers, and responses. *Id.* With the December 21, 2021 document production, Plaintiff had 21 days (or until January 11, 2022) to proceed with a Motion to Compel premised upon the new production. Plaintiff did not file a Motion to Compel by either January 3 or January 11. Similarly, Plaintiff did not seek an additional extension of time to proceed with a Motion to Compel by either date. Pursuant to D.N.M.LR-Civ. 26.6, Plaintiff has accepted any objections raised by Defendant and is out of time to proceed with a Motion to Compel.

Plaintiff's actions in filing the present Motion violate the clear mandate of Rule 37 to confer in good faith. Further, his Motion is untimely and fails to set forth any explanation whatsoever as to his delay in proceeding with a Motion to Compel at an earlier date nor an explanation as to his refusal to confer in good faith. Plaintiff's Motion should be denied. *See* D.N.M.LR-Civ. 7.1(a)

---

[1] Prior to the deposition of Shawn Berman occurring on May 19, 2022, Defendant produced text messages that Dr. Berman had located. These text messages were produced on May 18, 2022 in Response to Request for Production No. 14 and are not at issue in the present Motion.

and *Lintz*, 1999 WL 450197, at *1 (For failing to confer, "the court declines to entertain and thus overrules the third and fourth motions to compel.").

## II.   Assuming arguendo that the Court entertains Plaintiff's Motion, the Motion is properly denied.

**Interrogatory No. 2**

Interrogatory No. 2 requested the following information:

> Please identify every professor or staff member that has been found to have violated any of the University's sexual harassment or retaliation policies from January 1, 2015 to the present, and for each, please identify whether they had previously been found to have violated University policy, the nature of the actions, omissions, or behavior that underlies the finding that the policy violation occurred, the sanction that was eventually imposed, the gender of the professor, and the facts underlying the complaint made against the professor.

*See* Plaintiff's Exhibits A – D.    While not at issue in the present Motion, Interrogatory No. 1 sought similar information as follows:

> Please identify each and every complaint alleging sexual harassment, quid pro quo sexual harassment, or sexual violence from January 1, 2015 to the present, and for each such complaint, please identify whether the allegations were made against a male versus a female, whether the complaints were found to be substantiated or not, whether there was a finding of a policy violation or not, and any discipline imposed.

*Id.*

In Answer to these Interrogatories, Defendant provided complete and detailed information.  *See* Plaintiff's Exhibits C and D.  Specifically, in its Second Supplemental Answer to Interrogatory No. 1, Defendant provided detailed information about OEO matters involving allegations of sexual harassment during the requested time period to include seventeen (17) educational conferences, five (5) inquiries, and twelve (12) investigations.  *See* Exhibit C.  Of the investigations identified, Defendants provided details of the allegations, the gender of the

complainant and accused faculty member, and the outcome of the investigation. *Id.* Of the twelve investigations conducted, Defendant disclosed that seven (7) resulted in a finding of no policy violation and five (5) resulted in a finding of a policy violation. Relying upon the information provided in Supplemental Answer to Interrogatory No. 1, in Supplemental Answer to Interrogatory No. 2, Defendant stated: "[t]he investigations of the OEO that led to a policy violation involved five male professors and these professors did not have other policy violations for sexual harassment or retaliation during the 2015 to 2020 period." *Id.* Thereafter, in Defendants Third Supplemental Answers to Interrogatory No. 2, Defendant disclosed the specific sanctions imposed against the five male professors as a result of investigation finding of policy violations. *See* Plaintiff's Exhibit D.

Other than vague assertions that Defendant must be compelled to fully answer Interrogatory No. 2, it is unclear what information Plaintiff believes to be lacking. The requested information has been provided by Defendant and the Answers to Interrogatory Nos. 1 and 2, when read together as set forth in the Answers themselves, are responsive and complete. Plaintiff's Motion is properly denied.

**Request for Production Nos. 2-6 and 25-26**

These Requests sought the production of seven personnel files of UNM employees. In response, Defendant produced the training transcripts of the five named individual Defendants and objected to the producing additional information.

Rule 26, allows a party to obtain discovery "that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This standard requires that information sought in discovery be "relevant to any claim or defense of a party." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188 (10th Cir. 2009). When an objection is posed on the grounds that the discovery sought is not relevant to any

claim or defense, "the court would become involved to determine whether the discovery is relevant to the claims or defenses, and if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action." *Id*. "[T]he actual scope of discovery should be determined according to the reasonable needs of the action." *Id.*, at 1188-89. The Court may limit discovery requests that exceed the particularized needs of the case and are burdensome or cumulative. *Id.*

The discovery sought by Plaintiff exceeds the particularized needs of the case. Plaintiff is arguing that he was discriminated against on the basis of his gender. If Lisa Broidy (or any other identified individual) received a positive performance review in the areas measured by the University (research, teaching, and service), it is difficult to accept Plaintiff's reasoning that this would somehow establish bias. The same would be true of a negative performance review. Potential disciplinary actions are also questionable at best as evidence of bias. If any of the individuals were the subject of disciplinary action, one would presume bias against the process not against other individuals similarly subjected to disciplinary action.

Finally, not all of the identified individuals were "directly involved with the incident that gave rise to the action." *Vazquez-Fernandez v. Cambridge Coll., Inc.,* 269 F.R.D. 150, 159 (D. P.R. 2010). Neither Kevin Gick nor Stephen Bishop were members of the peer panel hearing and took no action with respect to Plaintiff. Shawn Berman was not tasked with sanctioning Plaintiff, but rather, per policy, reviewed the proposed sanction.

On its face, these Requests are overly broad and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. These objections have been accepted by Plaintiff as they were not timely addressed by Motion practice. *See* D.N.M.LR-Civ. 26.6.

Plaintiff's efforts to bypass the Rules of Civil Procedure should be rejected.  Plaintiff's Motion is properly denied.

**III.    Defendant requests an award of attorney's fees and costs.**

Pursuant to Rule 37, Defendant UNM seeks an award of attorney's fees and costs.  Fed. R. Civ. P. 37(a)(5)(B).  Plaintiff failed to confer in good faith before filing his Motion as he was required to do.  Additionally, his Motion is properly denied for the reasons discussed herein.  Defendant should be awarded fees and costs for having to respond to Plaintiff's Motion to Compel.

**CONCLUSION**

Plaintiff failed to provide any basis for an order compelling discovery in this matter.  In addition, Plaintiff failed to comply with the mandatory requirements of Rule 37 prior to filing this Motion.  Plaintiff's Motion is properly denied.  Defendant respectfully requests this Court enter an order denying the Motion to Compel, award Defendant its fees and costs, and grant such further relief as the Court deems just and proper.

Respectfully submitted,

CONKLIN, WOODCOCK & ZIEGLER, P.C.

By: */s/ Alisa Wigley-DeLara*
       John K. Ziegler
       Alisa Wigley-DeLara
       Philip Hunteman
       320 Gold Ave., Suite 800
       Albuquerque NM 87102
       Telephone: (505) 224-9160
       *Attorney for Defendants*

8

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was e-filed and served via email upon counsel of record on this 24th of May, 2022.

*/s/ Alisa Wigley-DeLara*
Alisa Wigley-DeLara