IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NICK VINCENT FLOR,

        Plaintiff,

v.                                                                                          1:20-cv-00027-MIS-LF

THE BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO, *et al.,*

        Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL
DISCOVERY RESPONSES FROM DEFENDANT**

THIS MATTER comes before the Court on Plaintiff's Motion to Compel Discovery Responses from Defendant, filed on May 11, 2022. Doc. 165. Defendant Board of Regents of the University of New Mexico ("UNM") filed a response on May 24, 2022. Doc. 174. Plaintiff filed a reply on June 7, 2022. Doc. 176. Having reviewed the briefing, and being fully apprised of the facts and the relevant law, the Court finds the motion is not well taken and will DENY it.

In the motion, plaintiff Nick Flor asks the Court to compel defendant UNM Board of Regents to respond to Interrogatory 2 and Requests for Production ("RFPs") 2 through 6, 25, and 26. Doc. 165 at 1. Defendant UNM responds that the motion should be denied based on plaintiff's failure to confer in good faith before filing the motion, and because the motion to compel is not timely. Doc. 174 at 1–5. Alternatively, defendant argues the motion should be denied on its merits. *Id*. at 5–8.

The Court finds that the motion to compel is untimely, and denies it on this basis. Plaintiff served his First Set of Interrogatories and First Set of Requests for Production on UNM and all the individually named defendants other than Eva Chavez on August 8, 2021. Doc. 165

at 2; Doc. 165-1.  After agreed-upon extensions, defendants served their Objections, Answers, and Responses on October 8, 2021.  Doc. 165 at 2; Doc. 165-2.  In this document, defendants noted their objections to RFPs 2 through 6, 25 and 26.  *See* Doc. 165-2 at 7–10, 19–20.  Defendants also objected to Interrogatory 2, but they agreed to provide responsive information if plaintiff agreed to limit the time period and scope of the interrogatory and agreed to a confidentiality order.  Doc. 165-2 at 3.  On October 15, 2021, plaintiff sent defendants a good faith letter regarding perceived discovery deficiencies.  Doc. 165 at 2.  On October 26, 2021, the Court entered the parties' confidentiality order, and the parties telephonically discussed discovery issues.  *Id*.

On November 22, 2021, defendants served their Second Supplemental Objections, Answers, and Responses.  *Id*.; Doc. 165-3.  Defendants provided supplemental responses to RFPs 2 through 6 and Interrogatory 2.  Doc. 165-3 at 10, 15–18.  These supplemental responses did not state that defendants intended to produce additional responsive documents.  Defendants did not supplement their responses to RFPs 25 or 26.  *Id*. at 30.

On December 15, 2021, plaintiff filed his Third Unopposed Motion to Extend Time to File Motion to Compel.  Doc. 133.[1]  Plaintiff stated in this motion that "Defendant UNM plans to supplement its discovery responses once more within a week's time."  *Id*. at 2.  The Court granted the motion and extended the deadline for plaintiff to file motions to compel until January 3, 2022.  Doc. 134.  On December 21, 2021, defendant provided plaintiff with its final production of additional documents.  Doc. 174 at 4.[2]

---

[1] Plaintiff filed two other motions to extend the deadline to file motions to compel, which the Court granted.  *See* Docs. 126–129.

[2] On April 20, 2022, defendants served their Third Supplemental Objections and Answers.  Doc. 165 at 2; Doc. 165-4.  This document supplemented defendants' answer to Interrogatory 2.  Doc.

Under Local Rule 26.6, a party served with objections to an interrogatory or a request for production "must proceed under D.N.M.LR-Civ. 37.1 within twenty-one (21) days of service of an objection unless the response specifies that documents will be produced or inspection allowed." D.N.M.LR-Civ. 26.6. If the response states that documents will be produced or inspection allowed, "the party must proceed under D.N.M.LR-Civ. 37.1 within twenty-one (21) days after production or inspection of the documents." *Id*. "Failure to proceed within this time period constitutes acceptance of the objection." *Id*. "For good cause, the Court may, *sua sponte* or on motion by a party, change the twenty-one (21) day period." *Id*.

In December 2021, defendants told plaintiff that they intended to supplement document production one final time. Doc. 174 at 4. The communication of this intent is memorialized in plaintiff's third motion to extend the time to file a motion to compel. Doc. 133 at 2 ("Defendant UNM plans to supplement its discovery responses once more"). The Court granted plaintiff's third motion for an extension of time to file a motion to compel and extended the deadline to file motions to compel related to his First Set of Interrogatories and First Set of Requests for Production until January 3, 2022. Doc. 134. Defendants produced the supplemental documents on December 21, 2021. Doc. 174 at 4. Under D.N.M.LR-Civ. 26.6, plaintiff had 21 days, or until January 11, 2022, to file a motion to compel based on defendants' final document production. Plaintiff did not file a motion to compel either by the January 3, 2022, or by the January 11, 2022, deadline. Plaintiff did not file a motion to compel until May 11, 2022—four months after the deadline. *See* Doc. 165.

Plaintiff argues that his motion to compel is timely "because Defendant propounded its Third Supplemental Objections, Answers, and Responses on April 20, 2022, and Plaintiff filed the Motion

---

165-4. On May 23, 2022, defendants served their Fourth Supplemental Objections, Answers, and Responses. Docs. 172, 176 at 2. This supplementation was not related to any interrogatories or RFPs raised in the instant motion to compel.

to Compel on May 11, 2022." Doc. 176 at 2. Defendants' Third Supplemental Objections and Answers to Plaintiff Nick Flor's First Set of Interrogatories, however, only contains a supplementary answer to Interrogatory 2. Doc. 165-4. Plaintiff provides no documentation (either in defendants' discovery responses, or even through meet and confer communications) that he was promised a supplementary answer to Interrogatory 2 or supplementary responses to RFPs 2 through 6, 25, and 26 that would toll the 21-day period for him to file a motion to compel. Plaintiff's motion to compel is therefore untimely under D.N.M.LR-Civ. 26.6.

Plaintiff asks the Court to waive the 21-day deadline under D.N.M.LR-Civ. 26.6 "to avoid injustice." Doc. 176 at 4. The Court may change the 21-day period upon a showing of "good cause." D.N.M.LR-Civ. 26.6. Plaintiff, however, fails to show "good cause" for extending this deadline. Plaintiff previously filed three motions for extensions of time to file motions to compel related to his First Set of Interrogatories and First Set of Requests for Production. *See* Docs. 126, 128, 133. Plaintiff obviously knew the proper procedure to extend the deadline to file motions to compel. Plaintiff, however, inexplicably failed to follow that procedure to extend the deadline to file a motion to compel beyond the January 3, 2022, or the January 11, 2022, deadlines. In addition, plaintiff fails to demonstrate any good faith communications with defendants after these deadlines passed. *See* Doc. 174 at 3 ("at no time was Defendant contacted in advance of Plaintiff's filing of the Motion to Compel to confer about the issues raised"). This case therefore is unlike the case plaintiff cites in support of finding good cause, *Cabot v. Wal-Mart Stores, Inc.*, No. CIV 11-0260 JB/RHS, 2012 WL 592874, at *10 (D.N.M. Feb. 16, 2012) (finding that since "[t]he parties have been trying to resolve this dispute. The Court should not ignore reality and

4

decide the motion on a procedural basis.").[3]  Here, plaintiff fails to show that the parties have still been trying to resolve the discovery dispute, and fails to show any other reason for finding good cause to waive the 21-day deadline for filing motions to compel.

Finally, the Court finds that plaintiff failed to comply with the requirements of Federal Rule of Civil Procedure 37(a), and the Court also denies plaintiff's motion on this basis.  Rule 37(a) requires a party to certify that he "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  FED. R. CIV. P. 37(a).  Defendants point out that "Plaintiff fails to direct this Court to any efforts he made to confer in good faith about the discovery responses after October of 2021 and most importantly, any efforts made after discovery was supplemented by Defendant."  Doc. 174 at 3.  In addition, plaintiff did not reach out to defendants before filing the motion to compel "to confer about the issues raised."  *Id*.  The duty to meet and confer follows the parties throughout the discovery process.  Parties have an ongoing duty to meet and confer once discovery is supplemented to clarify and narrow the issues in dispute.  Here, plaintiff provides no evidence that he met and conferred with defendants after discovery was supplemented and before filing his motion to compel.  The Court denies plaintiff's motion to compel on this basis as well.

Both parties ask the Court for an award of attorney's fees.  *See* Doc. 165 at 8–9; Doc. 174 at 8; Doc. 176 at 7.  Under the Federal Rules, the Court must award attorney's fees to the party who prevails on the motion.  *See* FED. R. CIV. P. 37(a)(5)(A), (B).  If the motion is denied, the

---

[3] Plaintiff's argument that Judge Browning has questioned the utility of D.N.M.LR-Civ. 26.6, Doc. 176 at 4–5, does not change the Court's analysis here.  "[L]ocal rules of practice, as adopted by the district court, 'have the force and effect of law, and are binding upon the parties and the court which promulgated them.'"  *Smith v. Ford Motor Co.*, 626 F.2d 784, 796 (10th Cir. 1980) (quoting *Wood Constr. Co. v. Atlas Chem. Indus., Inc.*, 337 F.2d 888, 890 (10th Cir. 1964)).

Court must award "reasonable expenses incurred in opposing the motion, including attorney's fees" to the nonmovant, "unless the motion was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(B). Here, the Court does not find plaintiff's motion to be substantially justified, and sees no circumstances that would make an award of expenses unjust. The Court therefore awards defendant the reasonable expenses incurred in opposing the motion to compel (Doc. 165). Defendant may file an affidavit of reasonable expenses within 14 days of the date of this motion. Plaintiff may file objections to the reasonableness of claimed expenses within 14 days after defendant files the affidavit.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Discovery Responses from Defendant (Doc. 165) is DENIED.

_____
Laura Fashing
United States Magistrate Judge